ROBERT A HANSEN FAMILY TRUST v FGH INDUSTRIES, LLC

Docket Nos. 276372 and 276452. Submitted May 13, 2008, at Detroit.
    Decided July 1, 2008, at 9:15 a.m.

The Robert A. Hansen Family Trust brought an action in the
Oakland Circuit Court against FGH Industries, LLC (FGHI), FGH
Capital, LLC (FGH Capital), and Daniel Fuhrman and William
Gruits, the owners and managers of FGH Capital. The plaintiff
alleged, in part, breach of an operating agreement between the
plaintiff and FGH Capital that created FGHI, breach of fiduciary
duties, and misuse of FGHI's assets. The original operating
agreement, executed in September 2003, contained a Michigan
choice-of-law provision and an Arizona forum-selection clause. An
amended operating agreement was drafted in December 2003,
which included Delaware choice-of-law and forum-selection
clauses; however, that agreement was not executed by the plaintiff.
The complaint alleged that, consistent with the December agree-
ment, Delaware law controlled the dispute. However, a copy of the
agreement was not attached. The defendants answered the com-
plaint, but did not assert any affirmative defense relating to the
forum-selection clause. The defendants then filed amended an-
swers, asserting affirmative defenses relating to the application of
Delaware law, lack of subject-matter and personal jurisdiction, and
improper venue. The defendants moved for summary disposition
and sought sanctions, contending that the action was filed in an
improper forum, solely to serve improper motives. The plaintiff
then filed an amended complaint, attaching the September 2003
agreement and omitting any reference to Delaware law as govern-
ing the dispute. The defendants renewed their motion for sum-
mary disposition and again sought sanctions. The plaintiff as-
serted that the defendants waived their claim of improper venue
by failing to contest the court's personal jurisdiction over them in
their first responsive pleading. The plaintiff also argued that the
forum-selection clause in the September 2003 agreement was
unenforceable under MCL 600.745(3) and that the action was
properly filed in Michigan and, therefore, sanctions were not
appropriate. The court, Mark A. Goldsmith, J., eventually deter-
mined that the forum-selection clause in whichever operating
agreement was deemed operative was enforceable under MCL

600.745(3) and that the plaintiff's claims against all the defendants are subject to that clause. The court granted summary disposition in favor of the defendants on all of the plaintiff's claims, but denied the request for sanctions, ruling that the plaintiff had a belief that it had an arguable case for filing its action in Michigan under MCL 600.745(3). The plaintiff appealed from the order granting summary disposition in favor of the defendants, and the defendants appealed from the denial of their request for sanctions. The appeals were consolidated.

The Court of Appeals *held*:

The trial court properly granted the motion for summary disposition on the basis of the forum-selection clause and properly denied sanctions.

1. The defendants were not required to assert the affirmative defense of lack of personal jurisdiction in order to seek dismissal on the basis of the parties' choice of a forum other than Michigan. Although Michigan courts have personal jurisdiction over each of the defendants, the parties' contractual agreement to forgo Michigan as a forum for adjudication leaves Michigan courts incapable of granting relief on claims based on the contract, unless one of the exceptions stated in MCL 600.745(3) applies. Dismissal was properly based on the forum-selection clause regardless of the trial court's purported grant of summary disposition under MCR 2.116(C)(1).

2. The parties' dispute regarding which of the two operating agreements is operative did not preclude the trial court from dismissing the complaint when it determined that the forum-selection clause in either agreement is enforceable under MCL 600.745(3).

3. The trial court did not err in determining that the exceptions set forth in MCL 600.745(3) do not apply to prevent dismissal of the complaint pursuant to the forum-selection clause of either agreement.

4. The trial court did not clearly err in holding that the plaintiff's filing of the complaint in Michigan was not patently frivolous or for an improper purpose and, therefore, did not clearly err in denying the request for sanctions.

Affirmed.

CONTRACTS — FORUM-SELECTION CLAUSES.

The enforcement of contractual forum-selection clauses is premised on the parties' freedom to contract; Michigan honors the parties' contractual choice of forum, in the absence of certain factors, by

requiring Michigan courts to dismiss, or stay, actions in which it is demonstrated that the parties have agreed that a forum other than Michigan shall be the exclusive forum for resolution of their dispute; a valid forum-selection clause does not divest the Michigan courts of personal jurisdiction over the parties (MCL 600.745[3]).

*Kerr, Russell and Weber, PLC* (by *Joanne Geha Swanson* and *James E. DeLine*), for the plaintiff.

*Morgan Associates, PLC* (by *Kenneth B. Morgan, K. Dino Kostopoulos*, and *Ian M. Redmond*), and *Powell, Murphy & Adolf, PLLC* (by *Steven C. Powell*), for the defendants.

Before: BANDSTRA, P.J., and FITZGERALD and MARKEY, JJ.

BANDSTRA, P.J. In Docket No. 276372, plaintiff Robert A. Hansen Family Trust appeals the trial court's order dismissing its complaint against defendants FGH Industries, LLC (FGHI), FGH Capital, LLC, Daniel Fuhrman, and William Gruits. In Docket No. 276452, defendants appeal the trial court's denial of their request for sanctions. The appeals were consolidated. We conclude that the trial court properly enforced the parties' forum-selection agreement under MCL 600.745(3) and properly denied sanctions. We affirm.

### FACTS AND PROCEEDINGS BELOW

This action arises from a dispute over an investment plaintiff made in a business venture with defendant FGH Capital[1] pursuant to an operating agreement that created FGHI. This operating agreement, executed by plaintiff and FGH Capital in September 2003, con-

---

[1] Gruits and Fuhrman are owners and managers of FGH Capital.

tained a Michigan choice-of-law provision[2] and an Arizona forum-selection clause (the September agreement).[3] In December 2003, an amended operating agreement was drafted by counsel for plaintiff and defendants but, ultimately, it was not executed by plaintiff (the December agreement). The December agreement included Delaware choice-of-law and forum-selection provisions.[4]

Plaintiff filed this action in March 2006, in the Oakland Circuit Court, alleging, among other claims, that defendants breached the operating agreement,

---

[2] Section 10.3 of the September agreement provides that "[t]his Operating Agreement shall be governed by and construed in accordance with the laws of the State of Michigan."

[3] Section 10.4 of the September agreement specifies that

> [t]he parties agree and stipulate that any and all claims, demands, disagreements, controversies or disputes arising out of or relating to (the operating agreement) (collectively "Claims") shall be adjudicated exclusively in the Pima County, Arizona, Superior Court, which courts [sic] shall have the sole and exclusive jurisdiction and venue for adjudication of all Claims. The parties hereby agree upon, consent and stipulate to the jurisdiction and venue of the aforementioned courts for the adjudication of all Claims, to the exclusion of all other courts, forums and venues whatsoever.

[4] Section 10.3 of the December agreement provides that "[t]his Operating Agreement shall be governed by and construed in accordance with the laws of the State of Delaware." Section 10.4 of the December agreement provides that

> [t]he parties agree and stipulate that any and all claims, demands, disagreements, controversies or disputes arising out of or relating to this Operating Agreement (collectively "Claims") shall be adjudicated exclusively in the federal or state courts sitting in the State of Delaware, which courts shall have the sole and exclusive jurisdiction and venue for the adjudication of all Claims. The parties hereby agree upon, consent and stipulate to the jurisdiction and venue of the aforementioned courts for the adjudication of all Claims, to the exclusion of all other courts, forums and venues whatsoever.

breached their fiduciary duties to plaintiff, misused FGHI's assets for the personal pecuniary benefit of Gruits and Fuhrman, and engaged in related-party transactions to plaintiff's detriment. Plaintiff indicated in its complaint that the operating agreement provided that it "shall be governed by and construed in accordance with" Delaware law, consistent with the December agreement. However, plaintiff did not attach a copy of the agreement to the complaint, instead representing that a copy of it was in defendants' possession. Defendants answered the complaint; they did not assert any affirmative defense relating to the forum-selection clause contained in the agreement. The parties engaged in discovery over the next few months.

On August 8, 2006, defendants filed amended answers to plaintiff's complaint, asserting affirmative defenses relating to the application of Delaware law, a lack of subject-matter and personal jurisdiction, and improper venue. Thereafter, defendants moved for summary disposition, under MCR 2.116(C)(1) (lack of personal jurisdiction), (4) (lack of subject-matter jurisdiction), and (8) (failure to state a claim), contending that Delaware courts were the sole and exclusive forum for the resolution of disputes arising from or relating to the operating agreement. Defendants also sought sanctions on the basis that plaintiff filed this action in Michigan, knowing that it was an inappropriate forum, solely to serve improper motives. Additionally, defendants moved to strike plaintiff's complaint because plaintiff did not attach to it the operating agreement on which its claims were based. They explained that while plaintiff's complaint clearly referenced the December agreement, plaintiff was then indicating that the September agreement was the operative agreement, creating "tremendous confusion." Ultimately, defendants' motion to strike was withdrawn, and, on September 22, 2006,

plaintiff filed an amended complaint, attaching the September 2003 agreement and omitting any reference to Delaware law as governing this dispute.

Defendants renewed their motion for summary disposition, again asserting that the December 2003 agreement was the operative agreement between the parties, but arguing further that, in either case, the court of a state other than Michigan—either Arizona or Delaware—was selected by the parties as the exclusive forum for the adjudication of all claims or disputes arising out of or relating to the operating agreement, thus requiring that the trial court dismiss plaintiff's complaint. Defendants again sought sanctions. Plaintiff opposed defendants' motion, asserting that defendants waived their claim that Michigan was an improper forum for this action by failing to contest the court's personal jurisdiction over them in their first responsive pleading. Plaintiff also argued that the September operating agreement constituted the agreement between the parties and that the forum-selection clause set forth therein was unenforceable under MCL 600.745(3). Plaintiff contested defendants' request for sanctions on the basis that this action was properly filed in Michigan.

The trial court determined as an initial matter that, because an analysis of the enforceability of a forum-selection clause is "more akin" to a determination whether the court lacks personal jurisdiction, it would decide defendants' motion under MCR 2.116(C)(1).[5] The trial court then acknowledged that there was a "threshold question" of fact regarding "which of the two ostensible agreements is operative," preventing it from deciding as a matter of law which forum-selection

---

[5] The trial court did not address plaintiff's argument that defendants waived the defense of lack of personal jurisdiction by failing to assert it in their first responsive pleading.

clause applies to this dispute. The trial court concluded, however, that because neither agreement permitted a Michigan forum, the question of which agreement is operative is not material to the issue whether the parties had an enforceable agreement to adjudicate their disputes exclusively in a forum other than Michigan so as to require dismissal of plaintiff's action. The trial court determined, relying in large part on this Court's decision in *Turcheck v Amerifund Financial, Inc*, 272 Mich App 341; 725 NW2d 684 (2006), that the forum-selection clause in whichever operating agreement was deemed operative was enforceable under MCL 600.745(3) and, further, that plaintiff's claims against all the defendants are subject to that clause. The court reasoned that the forum-selection clause applies to all claims arising from the operating agreement, and not just to the claims concerning the parties to that agreement, finding the decision in *Elf Atochem North America, Inc v Jaffari*, 727 A2d 286 (Del, 1999), to be persuasive. The trial court thus granted defendants summary disposition on all of plaintiff's claims, on the basis that "they are not properly brought in Michigan." However, finding that the record before it suggested that plaintiff "believed that it had an arguable case for jurisdiction of its claims in Michigan," the trial court denied defendants' request for sanctions.

## ANALYSIS

Plaintiff argues on appeal, in Docket No. 276372, that the trial court erred by granting defendants' motion for summary disposition. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Whether a forum-selection clause is enforceable under

MCL 600.745 presents a question of statutory interpretation, which we also review de novo. *Turcheck, supra* at 345.

MCL 600.745(3) provides:

> If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:
>
> (a) The court is required by statute to entertain the action.
>
> (b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.
>
> (c) The other state would be a substantially less convenient place for the trial of the action than this state.
>
> (d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.
>
> (e) It would for some other reason be unfair or unreasonable to enforce the agreement.

Plaintiff first asserts that defendants waived their right to invoke the forum-selection clause to preclude Michigan courts from adjudicating this dispute by failing to assert the defense of lack of personal jurisdiction in their first motion or responsive pleading. We disagree.

In *Turcheck, supra* at 344, this Court, in determining the appropriate standard of review for a trial court's dismissal of an action based on a forum-selection clause, explained that,

> [w]hile *not identical*, dismissal based on a forum-selection clause is *similar to* a grant of summary disposition for lack of personal jurisdiction. Although a valid forum-selection clause *does not divest the Michigan courts of personal*

*jurisdiction over the parties*, it evinces the parties' intent to forgo personal jurisdiction in Michigan and consent to *exclusive* jurisdiction in another forum. [Emphasis in original and added.]

The Michigan Legislature has elected to honor the parties' contractual choice of forum, in the absence of certain factors, by requiring Michigan courts to dismiss, or stay, actions in which it is demonstrated that the parties have agreed that a forum other than Michigan shall be the exclusive forum for resolution of their disputes. MCL 600.745(3). Here, as in *Turcheck, supra* at 345:

> We begin with Michigan's fundamental rules of contract interpretation, set forth by our Supreme Court in *Quality Products & Concepts [Co v Nagel Precision, Inc*, 469 Mich 362; 666 NW2d 251 (2003)]:
>
> "In interpreting a contract, our obligation is to determine the intent of the contracting parties. If the language of the contract is unambiguous, we construe and enforce the contract as written. Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law. Once discerned, the intent of the parties will be enforced unless it is contrary to public policy." [*Id.* at 375 (internal citations omitted).]
>
> It is undisputed that Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions.

Enforcement of contractual forum-selection clauses is premised on the parties' freedom to contract; it does not divest Michigan courts of personal jurisdiction over the parties. *Turcheck, supra* at 344, 350. Indeed, as plaintiff points out, plainly, Michigan courts have personal jurisdiction over each of the defendants. However, the parties' contractual agreement to forgo Michigan as a forum for adjudication leaves Michigan courts incapable of granting relief on claims based on the contract.

Regardless of the trial court's purported grant of summary disposition under MCR 2.116(C)(1), dismissal based on a valid forum-selection clause, as mandated by MCL 600.745(3), while similar, is not a dismissal based on a lack of personal jurisdiction.[6] *Id.* Consequently, defendants were not required to assert the affirmative defense of lack of personal jurisdiction in order to seek dismissal of plaintiff's complaint on the basis of the parties' choice of forum. Therefore, any failure to assert that defense in their first responsive motion or pleading did not waive their right to seek dismissal of plaintiff's complaint under MCL 600.745(3).[7]

---

[6] Dismissal of this action on the basis of the existence of a valid forum-selection clause falls under MCR 2.116(C)(8), because pursuant to MCL 600.745(3), plaintiff's complaint fails to state a claim upon which the courts of this state are permitted to grant relief. However, as explained in *Detroit News, Inc v Policemen & Firemen Retirement Sys of Detroit*, 252 Mich App 59, 66; 651 NW2d 127 (2002), " '[i]f summary disposition is granted under one subpart of the court rule when it was actually appropriate under another, the defect is not fatal and does not preclude appellate review as long as the record permits review under the correct subpart.' " (Citation omitted.) That is the case here.

[7] Even were we to agree with plaintiff that dismissal based on a forum-selection clause was not just similar, but rather must be treated as identical, to dismissal for lack of personal jurisdiction under MCR 2.116(C)(1), we would conclude that defendants' inclusion of lack of personal jurisdiction as an affirmative defense in their amended answers to plaintiff's complaint and in their answers to plaintiff's amended complaint preserved defendants' right to seek dismissal of plaintiffs' complaint on the basis of the forum-selection clause. MCR 2.116(D)(1) requires that the defense of lack of personal jurisdiction "be raised in a party's first motion under [MCR 2.116] or in the party's responsive pleading, whichever is filed first, or [it is] waived." However, MCR 2.111(F)(3) provides that "[a]ffirmative defenses must be stated in a party's responsive pleading, *either as originally filed or as amended in accordance with MCR 2.118.*" (Emphasis added.) And, under MCR 2.118(A)(4), "[u]nless otherwise indicated, *an amended pleading supersedes the former pleading.*" (Emphasis added.) It is well settled that this includes a party's amendment of its affirmative defenses. See *Sands Appliance Services, Inc v Wilson*, 463 Mich 231, 239; 615 NW2d 241

Plaintiff next argues that the trial court's failure to determine which of the two operating agreements was controlling prevented it from properly assessing plaintiff's assertion that the forum-selection clause was unenforceable under MCL 600.745(3). We disagree. Regardless of which of the two agreements is determined to be the operative agreement between the parties, neither provides for a Michigan forum for resolution of the instant matter. And, either agreement presents the same issues under MCL 600.745(3). Therefore, the parties' dispute over which of the two agreements is operative did not preclude the trial court from dismissing plaintiff's complaint upon determining that the forum-selection clause in either agreement is enforceable under MCL 600.745(3).[8]

---

(2000) (upholding the trial court's grant of leave to amend to add previously unasserted affirmative defenses). As this Court explained in *Grzesick v Cepela*, 237 Mich App 554, 562; 603 NW2d 809 (1999), "[i]t necessarily and logically follows that just as an amended complaint supersedes the original complaint, a party's most recent amended answer supersedes any previously filed responsive pleadings." Thus, defendants' inclusion of lack of personal jurisdiction as an affirmative defense in their amended answers to plaintiff's complaint, and in their answers to plaintiff's amended complaint, comports with the plain language of MCR 2.111(F)(3). Hence, even if they were required to plead the affirmative defense of lack of personal jurisdiction to preserve their right to seek dismissal of this action on the basis of the forum-selection clause in the operative agreement, we would conclude that defendants did not waive that right here. See, e.g., *Boladian v Clinton*, unpublished opinion per curiam of the Court of Appeals, issued November 22, 2005 (Docket No. 261746) (the defendant did not waive the affirmative defense of laches by failing to plead it in his first responsive pleading, where he asserted that defense in his answer to the plaintiff's amended complaint).

[8] Further, as the trial court properly noted, if defendants' motion were treated as a motion under MCR 2.116(C)(1), as plaintiff suggests, all factual disputes for purposes of deciding the motion are to be resolved in plaintiff's favor, *Jeffrey v Rapid American Corp*, 448 Mich 178, 184; 529 NW2d 644 (1995). Similarly, if treated, as we conclude to be more appropriate, as a motion under MCR 2.116(C)(8), all factual allegations in plaintiff's complaint are to be accepted as true, together with any

Plaintiff argues further that the trial court erred by concluding that the exceptions set forth in MCL 600.745(3) do not apply to prevent dismissal of the complaint pursuant to the forum-selection clause in either agreement. We disagree.[9]

As this Court explained in *Turcheck, supra* at 348:

> . . . Michigan courts generally enforce contractual forum-selection clauses. The exceptions to this rule are stated in MCL 600.745(3)(a)-(e), and unless one of the statutory exceptions applies, Michigan courts will enforce a forum-selection clause as written. . . . A party seeking to avoid a contractual forum-selection clause bears a heavy burden of showing that the clause should not be enforced.

reasonable inferences or conclusions that can be drawn from those facts. *Mich Dep't of Transportation v North Central Coop LLC*, 277 Mich App 633, 636; 750 NW2d 234 (2008). In either case, the court would consider the September agreement as the operative one.

[9] We evaluate the enforceability of the forum-selection clause at issue here under Michigan law, and specifically under MCL 600.745(3), because plaintiff's amended complaint is premised on the September agreement, which calls for Michigan law to govern disputes thereunder, because the action was filed in Michigan, and because the parties do not contest the applicability of Michigan law to this determination. However, we note that were we faced with the question of which state's law to apply to determine the enforceability of the forum-selection clause in either agreement, see *Turcheck, supra* at 346-347, we would conclude that the forum-selection clauses at issue are equally enforceable under Michigan law, Delaware law, or Arizona law. See *Turcheck, supra*; *Outokumpu Engineering Enterprises, Inc v Kvaerner Enviropower, Inc*, 685 A2d 724, 733 n 5 (Del Super, 1996) (forum-selection clauses are "presumptively valid" and should be enforced absent a showing that the trial will be so inconvenient as to deprive a party, for all practical purposes, of its day in court; absent such a showing, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to its bargain); *Societe Jean Nicolas et Fils v Mousseux*, 123 Ariz 59, 61; 597 P2d 541 (1979) ("a forum selection clause that is fairly bargained for and not the result of fraud will be enforced so long as to do so is reasonable at the time of litigation and does not deprive a litigant of his day in court"). Therefore, we need not address the issue of which state's law would govern the clause's applicability. *Turcheck, supra*.

> Accordingly, the party seeking to avoid the forum-selection clause bears the burden of proving that one of the statutory exceptions of MCL 600.745(3) applies. [Citations omitted.]

The statutory exceptions at issue in this case provide that a forum-selection clause should be enforced unless "[t]he plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action[,]" "[t]he other state would be a substantially less convenient place for the trial of the action than this state[,]" or "[i]t would for some other reason be unfair or unreasonable to enforce the agreement." MCL 600.745(3)(b), (c), and (e).

Plaintiff contends that it cannot secure complete relief against defendants in either Arizona or Delaware, because defendants' assets are located here, and thus, if plaintiff is successful in an action against defendants in either of those forums, additional proceedings will be necessary in Michigan to enforce the judgment. However, as properly explained by the trial court, securing effective relief in a foreign jurisdiction and enforcing a foreign judgment in Michigan are separate and distinct considerations.

Plaintiff also argues that there may be a question whether Arizona or Delaware courts have jurisdiction over all the defendants, particularly Gruits and Fuhrman, and that any question regarding personal jurisdiction in Arizona or Delaware may impede enforcement in Michigan of any judgment obtained in either of those jurisdictions. However, as a party to the operating agreement, FGH Capital has consented to personal jurisdiction in either Arizona or Delaware, and FGHI is unequivocally bound by the terms of its operating agreement as well. Gruits and Fuhrman are the real parties in interest in FGH Capital, the majority owner of FGHI. Defendants concede that the forum-selection

clause in the operating agreement applies to plaintiff's claims against Gruits and Fuhrman under *Elf Atochem, supra*. Indeed, they unequivocally admit that, as managers of FGHI, they are subject to the personal jurisdiction of the Delaware courts.[10] See *Elf Atochem, supra*; *Palmer v Moffat*, 2001 WL 1221749 (Del Super, 2001); *Albert v Alex Brown Mgt Services, Inc*, 2005 Del Ch LEXIS 133 (Del Ch, 2005); *Assist Stock Mgt LLC v Rosheim*, 753 A2d 974 (Del Ch, 2000); *RJ Assoc, Inc v Health Payors' Org Ltd Partnership, HPA, Inc*, 1999 WL 550350 (Del Ch, 1999). Further, defendants' actions as managers of FGH Capital admittedly were intentionally directed at plaintiff in Arizona in that defendants actively sought plaintiff's investment in FGHI through conduct directed toward plaintiff in Arizona. In fact, defendants concede that Gruits and Fuhrman had sufficient contact with plaintiff in Arizona—that is, that they purposely availed themselves of the privilege of conducting activities within Arizona—so as to permit plaintiff to establish that the Arizona courts have personal jurisdiction over them, at least for purposes of claims arising from or relating to the operating agreement and plaintiff's investments in FGHI.[11] See, e.g., *Meyers v Hamilton Corp*, 143 Ariz 249; 693 P2d 904 (1984); *Rollin v William V Frankel & Co, Inc*, 196 Ariz 350; 996 P2d 1254 (Ariz App, 2000). Plaintiff offers no authority compelling a conclusion otherwise. Therefore, the trial court correctly concluded that plaintiff did not

---

[10] In their brief, defendants represent to this Court that "[i]n *Elf Atochem*, the Delaware Supreme Court clearly held that an operating agreement selecting a forum for all claims arising out of an operating agreement, covers all claims against the LLC itself, the managers, and the members."

[11] Defendants acknowledge, in their brief to this Court, that "Fuhrman and Gruits made trips to Arizona and otherwise communicated with [plaintiff] in Arizona. Thus, [plaintiff] could establish jurisdiction over all [defendants] in [that] forum . . . ."

meet its burden of establishing that the exception to enforceability of the forum-selection clause set forth in MCL 600.745(3)(b) applies here.

Plaintiff next asserts that, because defendants, defendants' records, and defendants' witnesses are located in Michigan, because defendants have no ties to either Arizona or Delaware, because FGH Capital is a Michigan limited-liability company located exclusively in Michigan, because FGHI, although a Delaware company, conducts no business and maintains no office, books, or records in Arizona or Delaware, and because the September agreement is governed by Michigan law, the trial court erred in failing to determine that the Arizona and Delaware forums are substantially less convenient forums for trial than Michigan. We disagree.

In *Turcheck, supra* at 350, this Court noted that

> inconvenience, insofar as it is within the contemplation of the parties at the time of contracting, should not render a forum-selection clause unenforceable. Where the inconvenience of litigating in another forum is apparent at the time of contracting, that inconvenience is part of the bargain negotiated by the parties. Allowing a party who is disadvantaged by a contractual choice of forum to escape the unfavorable forum-selection provision on the basis of concerns that were within the parties' original contemplations would unduly interfere with the parties' freedom to contract and should generally be avoided. [Citations omitted.]

By virtue of the forum-selection clause set forth in each operating agreement, plaintiff has acknowledged that there is a sufficient nexus with the chosen forum to consider it appropriate for resolution of disputes arising under or relating to the agreement. The factors that plaintiff now asserts render Arizona or Delaware "substantially less convenient" than Michigan are the same factors that plaintiff deemed acceptable in agreeing to

the forum-selection clause as part of its bargain with defendants under each operative agreement. Plaintiff does not suggest that anything has changed since its agreement to the forum-selection clauses, rendering the forums chosen significantly less convenient now than they were then. Absent additional considerations not within those reasonably contemplated by the parties at the time of their agreement, we do not conclude that the chosen forums are "substantially less convenient" than Michigan for adjudication of plaintiff's claims.[12]

Moreover, plaintiff is located in Arizona, conducts its affairs primarily in Arizona, and maintains its records in Arizona. It has not provided any information to establish that it would incur greater expense or inconvenience litigating this matter in its home state of Arizona than it would litigating in Michigan. Nor has plaintiff offered any basis for concluding that it would be less costly or more convenient to undertake proceedings in Michigan than in Delaware. In either case, plaintiff will incur the expense and inconvenience of conducting litigation thousands of miles from its home in Arizona. Plaintiff repeatedly asserts that defendants did not establish that litigating the action in Arizona or Delaware would be more convenient for them, and that they cannot articulate any reason that litigating in

---

[12] Plaintiff asserts that the trial court should have applied the analysis set forth in *Lease Acceptance Corp v Adams*, 272 Mich App 209, 225-229; 724 NW2d 724 (2006), to determine whether Arizona and Delaware are "substantially less convenient" than Michigan. However, *Lease Acceptance* addresses the application of MCL 600.745(2), under which the parties' choice of Michigan as the exclusive forum for resolving disputes will be enforced, as long as Michigan is a "reasonably convenient" place for trial. *Lease Acceptance* did not address the applicability of MCL 600.745(3), nor did it purport to construe the "substantially less convenient" language set forth therein. Therefore, the trial court correctly declined to consider *Lease Acceptance* when determining the enforceability of the forum-selection clauses under MCL 600.745(3).

Michigan would be less convenient, given that defendants are located in Michigan. However, defendants are not required to establish that the chosen forum is more convenient; rather, it is plaintiff that bears a "heavy burden" of showing that the chosen forum is "substantially less convenient" than Michigan.[13] The trial court correctly concluded that plaintiff failed to meet this burden.[14]

Additionally, plaintiff reiterates its assertion that there may be a question whether Arizona or Delaware courts have jurisdiction over Gruits and Fuhrman, this time asserting that it would be "far more convenient" to litigate all its claims against all the defendants in the same forum—Michigan—rather than to do so piecemeal in multiple forums. However, as noted above, defendants have conceded that, as managers of FGHI, Gruits and Fuhrman are subject to the personal jurisdiction of the Delaware courts, and that they actively sought plaintiff's investment in FGHI through conduct directed toward plaintiff in Arizona and had sufficient contact with plaintiff in Arizona so as to permit plaintiff to establish that the Arizona courts have personal jurisdiction over them. Therefore, plaintiff has not established that it cannot litigate its claims against all parties in the contractually selected forum. Plaintiff's claims against Gruits and Fuhrman are intertwined

---

[13] Contrary to plaintiff's framing of this issue, the statute neither requires nor permits a determination regarding which forum is the "most convenient" place for trial of this action. Rather, plainly, MCL 600.745(3)(c) mandates that Michigan courts enforce valid contractual agreements to commence certain actions exclusively in a chosen forum, unless that chosen forum is "substantially less convenient" than Michigan.

[14] Likewise, plaintiff has failed to establish that either Arizona or Delaware is so inconvenient to plaintiff as to essentially deprive it of its day in court if proceedings were to be undertaken in either of those forums. See n 9 of this opinion.

with its claims against FGHI and FGH Capital, to the extent that we agree with plaintiff that it would be "far more convenient" to litigate against all defendants in a single action—in the forum that the parties selected for resolution of all claims arising out of and relating to the operating agreement.

Finally, plaintiff argues that it would be unfair and unreasonable to enforce the forum-selection clause because defendants did not promptly invoke it and because defendants are actively litigating other disputes in this state. For the reasons discussed above, defendants complied with all court rules and statutory requirements in asserting that the forum-selection clause necessitated dismissal of plaintiff's complaint. Further, defendants' involvement in litigating other actions in Michigan simply has no bearing on the enforceability of the forum-selection clause in the parties' contract in this case. Defendants are entitled to the benefit of the bargain struck by the parties, irrespective of defendants' conduct in other legal actions not involving plaintiff that may be pending in the courts of this state.[15]

Defendants argue, in Docket No. 276452, that the trial court abused its discretion in denying their motion for sanctions under MCR 2.114, on the basis that plaintiff's filing of its complaint in Michigan was not well grounded in fact or law. We disagree.

This Court reviews a trial court's decision to deny sanctions for clear error. *Kitchen v Kitchen*, 465 Mich

---

[15] We note with approval the trial court's conclusion that it is neither unfair nor unreasonable to hold plaintiff to its contractually agreed upon choice of forum for resolution of "any and all claims, demands, disagreements, controversies or disputes arising out of or relating to" the operating agreement, regardless of whether some of the claims, demands, disagreements, controversies, or disputes also concern defendants other than FGH Capital who were not signatories to that agreement.

654, 661; 641 NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* at 661-662. Sanctions are warranted under MCR 2.114 where a plaintiff asserts claims without any reasonable basis in law or fact for those claims, or where the claims are asserted for an improper purpose. MCR 2.114(D), *BJ's & Sons Constr Co, Inc v Van Sickle*, 266 Mich App 400, 407; 700 NW2d 432 (2005). "The determination whether a claim or defense is frivolous must be based on the circumstances at the time it was asserted." *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 36; 666 NW2d 310 (2003). And, " '[n]ot every error in legal analysis constitutes a frivolous position.' " *Id.*, quoting *Kitchen, supra* at 663.

The trial court found, on the basis of the record before it, that plaintiff's decision to file its complaint in Michigan was not "patently frivolous," but rather was premised on plaintiff's belief that it had an arguable case for filing its claims in Michigan under MCL 600.745(3). The court also determined that defendants presented no evidence in support of their assertion that plaintiff filed its complaint in Michigan to serve improper purposes.

We find no clear error in the trial court's conclusion that plaintiff's filing of its complaint in Michigan was not patently frivolous. There is no evidence in the record before us to establish that plaintiff filed its complaint in Michigan for improper purposes. Rather, the record reflects that plaintiff filed its complaint in Michigan believing that Michigan courts offered the most convenient forum for, and the most efficient path to, resolution of its claims against defendants. The filing of plaintiff's complaint in Michigan was premised

on a colorable assertion under MCL 600.745(3) that the forum-selection clause in the operating agreement did not prevent Michigan courts from adjudicating plaintiff's claims. As noted earlier, the mere fact that plaintiff did not ultimately prevail on its legal position does not render its filing of the complaint in Michigan frivolous. *Jerico, supra*; *Kitchen, supra* at 662-663.

We affirm.