# STATE OF MICHIGAN

# COURT OF APPEALS

GARY SULLIVAN and JOYCE SULLIVAN,

      Plaintiffs-Appellees,

v

GREGORY HOLMES and PATRICIA HOLMES,

      Defendants-Appellants.

UNPUBLISHED
June 18, 2015

No. 320612
Lapeer Circuit Court
LC No. 12-045232-CH

Before: STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendants appeal as of right from an order finding that plaintiffs' claims were not frivolous under MCL 600.2591(3) and denying defendants' motion for attorney fees. For the reasons set forth in this opinion, we affirm.

This appeal arises from a dispute involving the use of a driveway between neighbors in Lapeer County. The driveway in dispute was located in part of a parcel of land commonly referred to in the trial court as "Parcel D." Plaintiffs reside on Parcel E, which lies to the north and east of Parcel D. Plaintiffs used the driveway on Parcel D since the early 1980s to access their home. On May 4, 2012, defendants erected a gate on the boundary between Parcel D and Parcel E, which plaintiffs alleged prevented them from accessing their property. Plaintiffs filed their initial complaint, alleging a right to continue to use the driveway by way of an easement by necessity, and they also claimed an easement over the driveway by way of adverse possession and easement by prescription.

Defendants argued that plaintiffs were able to access their property by other means, pointing to a driveway which had been under construction some period of time. Additionally, defendants argued that plaintiffs could not prevail under any of the theories advanced in their complaints. Ultimately, the trial court agreed with defendants and awarded them summary judgment. In addition to seeking summary judgement however, defendants also alleged that they were entitled to attorney fees for having to defend against what they labeled as frivolous claims. The trial court disagreed, holding:

> It is this Court's opinion that in the case at bar, although the causes of action asserted in plaintiffs' complaint were certainly not strong enough to withstand a dismissal on summary disposition, this Court determines that the claims did not meet any of the definitional requirements of being frivolous under the court rules

-1-

or statute. Therefore, the Court determines that defendants are not entitled to an award of attorney fees or costs under MCR 2.114, MCR 2.625 or MCL 600.2591. However, this Court will sign defendants' order granting motion for summary disposition . . . . The motion for attorney fees and costs is considered and denied.

On appeal, defendants first argue that the trial court erred in concluding that plaintiffs' claims for adverse possession and easement by prescription were not frivolous. Specifically, defendants contend that plaintiffs did not have a reasonable factual basis to assert these claims where the record evidence demonstrated that plaintiffs' use of the driveway on Parcel D was permissive. "A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *1300 LaFayette East Cooperative, Inc v Savoy*, 284 Mich App 522, 533-534; 773 NW2d 57 (2009), citing *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *1300 LaFayette*, 284 Mich App at 534, citing *Kitchen*, 465 Mich at 661-662. This Court reviews for an abuse of discretion the trial court's decision with regard to the granting or denial of attorney fees. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.*, citing *Maldonado v Ford Motor Co*, 476 Mich 373, 388; 719 NW2d 809 (2006).

The guiding law in Michigan on frivolous claims is MCL 600.2591, which provides in pertinent part as follows:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit.

Challenging plaintiffs' claims for adverse possession and easement by prescription as frivolous, defendants contend that plaintiffs misled the trial court by not informing it of the existence of authorizing documents between the parties that rendered plaintiffs' use of the driveway on Parcel D permissive. Defendants further assert that once such actions became apparent, the trial court erred in not finding that such actions fell within the confines of MCL 600.2591(3)(a)(ii) since plaintiffs had no reasonable basis to believe that the facts underlying their legal position were true.

Review of the trial court record does confirm defendants' assertion that they were the first parties to produce a copy of a 2009 Driveway Authorization Statement signed by both the plaintiffs and the defendants. This Driveway Authorization Statement provided as follows:

> For the sole purpose of engress [sic] and egress to the Sulivan [sic] home, Greg and Patti Holmes gives [sic] permission to the Sullivans to travel thru Greg and Patti Holmes [sic] property (approx. 80 yards from East side of Holmes property where easement road is located) to access Sulivan [sic] Home. Greg and Patti Holmes grant this passage way with no consideration or charge to the Sulivans [sic]. . . . This agreement is valid for two years and will expire 4/15/2011.

In their brief in support of their motion for summary disposition defendants again alleged that there were three different authorization statements that the parties had signed—the 2009 Driveway Authorization Statement already referenced, as well as two others, purportedly entered into in 2005 and 2007—and a January 1, 2004 letter that defendants had given to plaintiffs. Defendants provided the affidavit of defendant Gregory Holmes in support of this assertion. Defendants also attached the affidavit of Rick A. Smith to the brief in support of their motion for summary disposition, and in it he averred that he was present in the spring of 2007 when defendants gave plaintiffs permission to use the driveway and the parties signed a Driveway Authorization Statement. Additionally, the January 1, 2004 letter was included as an exhibit to defendant Gregory Holmes's affidavit, and provided as follows:

> Mr. and Mrs. Sullivan,
>
> I am writing this letter to you for your information. As you know I purchased the 10 acres North [and] West of you at [sic] 5/16/97 (formerly the Faulk property). The property is stake surveyed, registered and recorded at Lapeer Co. Records Office. Since buying I have spoke [sic] with you and O.K.ed the passage of you traveling on my property to and from your home to the easement drive.
>
> At some point in time I may sell, fence, plant trees, etc making your passing thru impossible, therefore you may consider finishing your access drive.

The determination whether a claim is frivolous is factual, *Kitchen*, 465 Mich at 662, and most importantly, must be made on the basis of the circumstances at the time the claim was asserted. *Robert A Hansen Family Trust v FGH Inds, LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008). In order to prevail, defendants must demonstrate to this Court that based on this

evidence presented, the trial court clearly erred in concluding that plaintiffs' claims for adverse possession and easement by prescription were not frivolous. Such a finding requires this Court to be left with a definite and firm conviction that the trial court made a mistake. *1300 LaFayette*, 284 Mich App at 534.

At the time plaintiffs' complaint was filed, there were legitimate factual issues about whether plaintiffs' use of the subject property was permissive. In fact, the trial court entered a temporary restraining order against defendants forbidding them from blocking plaintiffs' use of the driveway to access their home and pole barn. Discovery and the filing of pleadings subsequent to the complaint and amended complaint reflect that the parties agreed to continue to allow plaintiffs to use the Parcel D driveway. Additionally, though defendants assert there were subsequent agreements regarding the permissive use of the driveway, copies of the purported 2005 and 2007 agreements that defendants referenced did not surface. Further, plaintiffs asserted in the trial court that they signed the 2009 authorization under duress and because they felt coerced. Any issue of duress would have needed to be resolved in the lower court. See, e.g., *Norton v Michigan State Highway Dep't*, 315 Mich 313, 319; 24 NW2d 132 (1946) ("The question as to what constitutes duress is a matter of law, but whether duress exists in a particular case is a question of fact.") Moreover, although the 2004 letter from defendants to plaintiffs was produced in the lower court and plaintiffs' counsel conceded its existence at the hearing on defendants' motion for summary disposition, there were potential factual issues at the time plaintiffs' claims were made about whether plaintiffs had even received the 2004 letter. Determination of whether a claim is frivolous is very factual, *Kitchen*, 465 Mich at 662, and most importantly, must be made on the basis of the circumstances at the time the claim was asserted. With these precedents in mind, the trial court did not clearly err in ruling that plaintiffs had "no reasonable basis to believe that the facts underlying [their] legal position were in fact true." MCL 600.2591(3)(a)(ii). See also, *Robert A Hansen Family Trust v FGH Inds, LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008).

Defendants next argue that plaintiffs' claims for adverse possession and easement by prescription were legally and factually deficient where the record makes clear that plaintiffs failed to satisfy the 15-year limitation period for adverse possession and easement by prescription. Hence, defendants argue, the trial court clearly erred by not finding plaintiffs' claims frivolous under MCL 600.2591(3)(a)(ii) (no reasonable basis to believe facts underlying parties' legal position were in fact true) and (iii) (parties' legal position devoid of arguable legal merit).

Defendants assert that plaintiffs' claims were frivolous pursuant to MCL 600.2591(3)(a)(ii) because (1) plaintiffs' counsel did not investigate the chain of title to substantiate plaintiffs' claims that they had satisfied the 15-year limitation period, and (2) plaintiffs knew about the existence of the 2004 letter authorizing their use of the driveway on Parcel D. Additionally, defendants contend that plaintiffs' claims were frivolous and without legal merit pursuant to MCL 600.2591(3)(a)(iii) because plaintiffs' counsel relied on an unwritten conveyance of property to support plaintiffs' claims in contravention of MCL 566.108, which provides in pertinent part:

> Every contract for the leasing for a longer period than 1 year, or for the
> sale of any lands, or any interest in lands, shall be void, unless the contract, or

some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing.

Our review of the trial court file reflects that the chain of title to Parcel D was anything but clear. For example, at the time plaintiffs' claims were initiated, it was not clear when plaintiffs conveyed away their interest in Parcel D. Plaintiffs asserted in the trial court that they conveyed title to Parcel D in 1991, however a writing to evidence that transfer was not produced. Defendants accurately assert that the record chain of title reflects that plaintiffs did not transfer title to Parcel D until 1997 when a warranty deed to Herbert and Nellie Kershaw was recorded. Accordingly, the issue of when plaintiffs' claims of adverse possession and prescription by easement accrued and when the record owners of title, whether defendants or their predecessors, were disseised of the property was contested in the trial court and somewhat unclear until the time when the trial court granted summary disposition.

Again, our review of the record does not leave this Court with a definite and firm conviction that the trial court clearly erred in finding that plaintiffs' claims were not frivolous. As a preliminary matter, plaintiffs' counsel is now deceased, so the facts of what he did or did not do or what he knew or did not know in investigating the chain of title are open to question. Further, while defendants are correct that conveyances of real property must be in writing to be valid, MCL 566.108, at the time these claims were asserted, factual issues existed with regard to when title to Parcel D was conveyed, and legal issues and questions may have existed with regard to whether a writing existed and the sufficiency of any writings conveying the parcel. Again, because plaintiffs' counsel is now deceased, it is unclear what he may or may not have known with regard to any documentation of the purported 1991 conveyance of Parcel D.

Defendants further assert that plaintiffs' claim of easement by necessity was frivolous because they alleged that the driveway on Parcel D was necessary for them to access their property but did not inform the trial court of several key facts. For example, plaintiffs did not inform the trial court that (1) they had already begun construction of a driveway on their property in 1983 but had abandoned construction of that driveway, and (2) they had a functional driveway on their own property leading from their home to their pole barn. According to defendants, plaintiffs further misled the trial court by alleging in their initial and amended complaint that a portion of their property was comprised of swamp making construction of a driveway on their property difficult. Defendants maintain that the court erred in not finding that plaintiffs' claim of easement by necessity were frivolous under MCL 600.2591(3)(a)(ii) and (iii).

As this Court observed in *Charles A Murray Trust v Futrell*, 303 Mich App 28, 41-42; 840 NW2d 775 (2013), "[a]n easement by necessity may arise either by grant, where the grantor created a landlocked parcel in his grantee, or it may arise by reservation, where the grantor splits his property and leaves himself landlocked." Further, "[t]he scope of an easement by necessity is that which is *reasonably necessary* for proper enjoyment of the property, with minimum burden on the servient estate." *Schumacher v Dep't of Natural Resources*, 256 Mich App 103, 106; 663 NW2d 921 (2003) (emphasis added).

In their response to defendants' motion for summary disposition, plaintiffs asserted that they had made attempts to acquire estimates for the construction of a driveway on Parcel E that

-5-

would lead to their home and the pole barn. Because of the property's terrain at the northern boundary of Parcel E, this work would have required significant fill at a high expense in excess of $50,000. Plaintiffs were ultimately able to construct a driveway at the southern end of their property that did not have the same issues with terrain. After the construction of a driveway in that location, plaintiffs abandoned their claim for an easement by necessity.

After reviewing the record evidence, particularly plaintiffs' counsel's submissions at the hearing on defendants' motion for summary disposition, it appears that at the time plaintiffs initiated their claims there were genuine factual issues in dispute concerning whether an easement on Parcel D was "reasonably necessary" for plaintiffs to access their property. Further, there were factual issues about where and how a driveway could be constructed on plaintiffs' property. Additionally, to the extent that defendants asserted that plaintiffs had an existing driveway that they could use to travel from their home to their pole barn, contrary to the assertions of defendants on appeal, the record is not clear that this driveway remedied any access issues to plaintiffs' property.

Affirmed. No costs are awarded to either party. MCR 7.219(A).

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Michael F. Gadola