*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIR CAPITAL, LLC,

        Plaintiff-Appellee,

v

HUSH ENTERTAINMENT, INC and RANDY
MERER,

        Defendants-Appellants.

UNPUBLISHED
January 13, 2026
2:38 PM

No. 374141
Oakland Circuit Court
LC No. 2023-202213-CB

Before: BOONSTRA, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

In this breach-of-contract dispute, defendants, Hush Entertainment, Inc. and Randy Merer, appeal as of right the trial court's order granting the motion for summary disposition filed by plaintiff, TIR Capital, LLC, under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

In July 2022, plaintiff loaned Hush Entertainment $220,000 for the purchase of a nightclub. In exchange for this loan, Hush Entertainment signed a promissory note in which it agreed to repay the loan in monthly payments over the next three years at 10% interest. The note granted plaintiff a security interest in Hush Entertainment's personal property, and that security interest was to be governed by Michigan's Uniform Commercial Code (UCC). Merer signed a personal guaranty for this note in which Merer "guarantee[d] the full and punctual payment" of Hush Entertainment's debt to plaintiff.

Hush Entertainment defaulted on the promissory note by failing to make its monthly installment payments in October 2022 and November 2022, which led plaintiff to conduct a private sale of Hush Entertainment's secured assets on January 3, 2023. The proceeds of that sale totaled $25,000.

On August 22, 2023, plaintiff filed the complaint giving rise to this lawsuit in which it alleged that Hush Entertainment had defaulted on the promissory note, and that Merer had defaulted under the terms of his guaranty. The complaint further alleged that plaintiff had

"completed a foreclosure sale" of Hush Entertainment's secured assets, but the proceeds from that sale did not satisfy Hush Entertainment's indebtedness, and plaintiff was seeking the remaining deficiency. The complaint alleged three counts—Count I alleged breach of the promissory note by Hush Entertainment; Count II alleged breach of the personal guaranty by Merer; and Count III alleged unjust enrichment against both Hush Entertainment and Merer.

Merer, proceeding *in propria persona*, filed an answer in which he denied plaintiff's allegations claiming that the trial court had personal jurisdiction over each defendant. Addressing plaintiff's substantive allegations, Merer disagreed with most of them and claimed that plaintiff had led defendants to believe that "cooperation in the foreclosure and signing away rights would result in [plaintiff] recuperating the loan" and resolving their obligations. Under a separate heading titled "affirmative defenses," Merer alleged that his contract with plaintiff was unconscionable, that the contract was obtained through fraud, and that the foreclosure sale of Hush Entertainment's assets satisfied defendants' obligations to plaintiff.

Plaintiff moved for summary disposition under MCR 2.116(C)(10) on June 12, 2024, arguing that there was no genuine issue of material fact that Hush Entertainment breached the terms of the promissory note by failing to make the required payments; that Merer breached the terms of the personal guaranty by failing to pay plaintiff after Hush Entertainment missed its payment obligations; and that the foreclosure sale was not an affirmative defense because it was obvious that the $25,000 obtained as a result of the foreclosure sale was not enough to settle the debt created by the $220,000 promissory note.

On July 9, 2024, Merer filed a motion entitled "Defendant's [sic] motion to dismiss and counterclaim." In this motion, Merer claimed that plaintiff failed to conduct the foreclosure sale in accordance with the UCC, which, according to Merer, created a rebuttable presumption that the sale should have produced enough proceeds to satisfy defendants' obligation. Merer also contended that plaintiff had valued the business at $1,040,000 in a separate lawsuit, so plaintiff's sale of the business and its assets should not only have satisfied defendants' obligation, but, as a result of the sale, plaintiff owed defendants over $800,000.[1] Under either theory, Merer contended, defendants' obligations had been satisfied, so plaintiff's claims against them should be dismissed. Merer additionally asserted that the trial court did not have jurisdiction over this case, and that the case belonged in federal court because the parties had diversity of citizenship and the matter in controversy exceeded $75,000.

On November 6, 2024, plaintiff filed a "Reply in support of plaintiff's motion for summary disposition," in which plaintiff asserted that Merer's "motion to dismiss" was not responsive to plaintiff's motion for summary disposition, so it should not be treated as a response. Plaintiff further argued that, regardless, granting plaintiff's motion for summary disposition was still proper

---

[1] On August 14, 2024, the trial court entered a stipulated order in which the parties agreed that "[a]ll portions" of Merer's filing that "set[] forth a counterclaim" was stricken because a counterclaim could not be raised in a motion.

because there were no genuine issues of material fact that defendants had failed to satisfy their obligations under the promissory note and personal guaranty.

On November 12, 2024, the trial court entered an order granting plaintiff's motion for summary disposition without oral argument. The trial court stated that it was granting plaintiff's motion "for each of the following independent reasons." First, the court agreed with plaintiff that defendants had not filed a responsive brief to plaintiff's motion, which the court apparently believed provided a ground for the court to grant plaintiff's motion for summary disposition as a way to "enforce its scheduling order." Second, and alternatively, the trial court concluded that, based on the evidence, there was no genuine issue of material fact that Hush Entertainment breached the promissory note and Merer breached the personal guaranty, which entitled plaintiff to summary disposition on Counts I and II of its complaint. The court further held that plaintiff had abandoned Count III by failing to address it.

Merer filed motion for reconsideration in which he stressed that a court is not bound by the label that a party affixes to its motion, and that the substance of Merer's motion to dismiss was responsive to plaintiff's motion for summary disposition because it identified grounds on which the motion could be denied. Merer also noted that the court had accepted Merer's motion to dismiss and that Merer had paid the filing fees for his motion, yet the court never issued a scheduling order for Merer's motion to dismiss or otherwise ruled on the motion. Merer reiterated that this was significant because some of Merer's arguments were dispositive and could have resulted in the dismissal of plaintiff's action against defendants.

In denying Merer's motion for reconsideration, the trial court rejected Merer's argument that his motion to dismiss was responsive to plaintiff's motion for summary disposition. The court noted that Merer's "motion to dismiss" did not reference plaintiff's motion or MCR 2.116. The court also noted that Merer had not set his motion for a hearing in accordance with the court rules, which was necessary before the court could issue a scheduling order. Lastly, the court observed that its order had also concluded that there was no genuine issue of material fact that plaintiff was entitled to summary disposition on the basis of the record evidence, and the court concluded that Merer had not pointed to any evidence bringing that conclusion into question.

This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision to grant or deny summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). Plaintiff moved for summary disposition under MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A (C)(10) motion is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006). The party filing a (C)(10) motion can carry its burden by either (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential

element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks and citation omitted).

## III. ANALYSIS

The trial court stated that it was granting plaintiff's motion for summary disposition "for each of the following independent reasons," and listed those reasons as (1) a means of enforcing its scheduling order and (2) because summary disposition was warranted under MCR 2.116(C)(10). We initially note that the trial court's first "independent" reason for granting plaintiff's motion for summary disposition was necessarily an error. The trial court was, of course, permitted to enforce its scheduling order. See *Edi Holdings LLC v Lear Corp*, 469 Mich 1021, 1021; 678 NW2d 440 (2004). This power allowed the trial court to reject a response as untimely, or to rule on plaintiff's motion without waiting for defendants to file a response after the time for doing so had passed. But whether defendants filed a response to plaintiff's motion had no bearing on the merits of that motion. That is, defendants' lack of response did not establish that there were no genuine issues of material fact and that plaintiff was entitled to judgment as a matter of law—plaintiff still had the burden of proving these things. The trial court therefore erred as a matter of law when it granted plaintiff's motion for summary disposition under MCR 2.116(C)(10) on the ground that defendants had supposedly not responded to the motion.

But, as explained above, the trial court gave another "independent" reason for granting plaintiff's motion for summary disposition—the trial court concluded that plaintiff was entitled to summary disposition under MCR 2.116(C)(10) because, on the basis of the evidence that plaintiff submitted, there was no genuine issue of material fact that Hush Entertainment breached the promissory note and that Merer breached the guaranty, which entitled plaintiff to a grant of summary disposition on Count I of its complaint (breach of contract against Hush Entertainment) and on Count II of its complaint (breach of contract against Merer). Merer produced no evidence in his "motion to dismiss" that brought any of these facts into question, and defendants[2] do not contend otherwise on appeal.

Instead, defendants argue on appeal that the trial court erred by not considering Merer's "motion to dismiss" because Merer made arguments in that motion that would have provided the court with an alternative basis for denying plaintiff relief. Assuming without deciding that defendants are correct and that the trial court erred by not treating Merer's "motion to dismiss" as a response to plaintiff's motion for summary disposition, we conclude that, for reasons that will be explained, the error was harmless. See MCR 2.613(A) (stating the harmless-error rule).

Defendants highlight two arguments that Merer raised in his "motion to dismiss" that defendants believe provided a basis for denying plaintiff relief.

First, defendants argue that plaintiff's sale of Hush Entertainment's secured assets was not "commercially reasonable" as required by MCL 440.9610. This is significant, according to defendants, because MCL 440.9626(c) provides that, if a secured party fails to comply with the

---

[2] Merer and Hush Entertainment filed a combined brief on appeal, represented by an attorney.

requirements of the UCC when collecting or enforcing a security interest, it can result in a reduction or even elimination of the debtor's obligation to the secured party.

MCL 440.9610 requires that "[e]very aspect of a disposition" of a debtor's collateral "must be commercially reasonable." MCL 440.9610(2). MCL 440.9626(a) provides that a secured party "need not prove compliance" with the UCC unless that compliance is placed "in issue." Subsection (b) provides that, "[i]f the secured party's compliance is placed in issue," then it "has the burden of establishing" its compliance. MCL 440.9626(b).

Defendants allege that plaintiff's disposition of Hush Entertainment's collateral was not commercially reasonable because plaintiff conducted a private sale in which plaintiff sold Hush Entertainment's assets "to himself." But Merer failed to provide any evidence to support the factual assertion that plaintiff sold the secured assets "to himself." Merer therefore failed to place plaintiff's compliance with MCL 440.9610 "in issue," so plaintiff was not required to prove that it complied with the UCC in the sale of Hush Entertainment's secured assets, see MCL 440.9626(a), and its "failure" to do so did not trigger the provisions of MCL 440.9626(c). Accordingly, any error that the trial court made by not considering Merer's argument related to the UCC was harmless.

Second, defendants reiterate the argument Merer made in his "motion to dismiss" that the trial court lacked personal jurisdiction over Merer. An argument that a court lacks personal jurisdiction over a party "must be raised in a party's first motion under this rule or in the party's responsive pleading, whichever is filed first, or they are waived." MCR 2.116(D)(1). This Court has recognized that lack of personal jurisdiction is an affirmative defense, see *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 477, 477 n 7; 760 NW2d 526 (2008), and MCR 2.111(F)(3) governs how affirmative defenses must be pleaded, stating, "Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting (a) an affirmative defense . . . ."

Merer's first responsive pleading in this case was his answer to plaintiff's complaint. That answer had a separate and distinct heading labeled "affirmative defenses," but under that heading, Merer never listed lack of personal jurisdiction as an affirmative defense. Accordingly, applying the court rules as written, that defense was waived. See MCR 2.116(D)(1). Because Merer waived lack of personal jurisdiction as a defense, the trial court's failure to consider Merer's lack-of-personal-jurisdiction argument before granting plaintiff's motion for summary disposition was harmless.

Affirmed.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young