JERICO CONSTRUCTION, INC v QUADRANTS, INC
JERICO CONSTRUCTION, INC v D & R COMPANY, LLC

Docket Nos. 233674, 233719. Submitted May 20, 2003, at Detroit. Decided
June 10, 2003, at 9:00 A.M. Leave to appeal sought.

Jerico Construction, Inc., brought an action in the Oakland Circuit
Court against Quadrants, Inc., and a related company, D & R Com-
pany, L.L.C., alleging tortious interference with business relation-
ships and breach of contract after several of the plaintiff's employ-
ees left the plaintiff to work for D & R Company. The trial court
granted summary disposition in favor of the defendants on the tor-
tious-interference claims. Mediation resulted in an evaluation of
$10,500 in the plaintiff's favor, but the parties rejected the media-
tion award. Thereafter, the plaintiff and Quadrants settled the
remaining contract claims for $11,000, and a stipulated order of dis-
missal was entered. On appeal, the Court of Appeals, MARKMAN, P.J.,
and JANSEN and SULLIVAN, JJ., reversed the trial court's grant of sum-
mary disposition, *Jerico Constr, Inc v Quadrant*, unpublished opin-
ion per curiam of the Court of Appeals, issued March 26, 1999
(Docket No. 206016). Following a jury trial on remand, judgment
on a verdict of no cause of action was entered in the defendants'
favor. The plaintiff simultaneously filed a motion for new trial and
a claim of appeal in the Court of Appeals. The trial court, Robert L.
Templin, J., denied the motion for new trial without addressing its
merits because it concluded that it lacked jurisdiction to hear the
motion because of the pending appeal. The plaintiff filed a second
claim of appeal from the denial of the motion for a new trial
(Docket No. 233674), and the Court of Appeals dismissed the first
appeal for lack of jurisdiction. Quadrants moved for mediation
sanctions on the basis of the plaintiff's rejection of the mediation
award. The plaintiff argued that sanctions were inappropriate
because the stipulated order of dismissal reflecting the $11,000 set-
tlement was a "verdict" for purposes of awarding mediation sanc-
tions under MCR 2.403(O)(2). The trial court agreed with the plain-
tiff and denied Quadrants' motion. The defendants then filed a
motion for sanctions, arguing that the plaintiff's tortious inter-
ference claims were frivolous. The trial court denied the motion.
The defendants appealed (Docket No. 233719), and the plaintiff's
appeal and the defendants' appeal were consolidated.

The Court of Appeals *held*:

1. MCR 2.403(O)(1) provided, at the relevant time, that if a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation. MCR 2.403(O)(2) specifically defines what constitutes a "verdict" for purposes of awarding mediation sanctions, and includes a judgment entered as a result of a ruling on a motion after mediation. Pursuant to the plain language of the court rule and consistent with case law, the trial court erred by taking into consideration the $11,000 settlement agreement that was entered by stipulated order because the order was not the result of a ruling on a motion after mediation.

2. The trial court did not err in dismissing the defendants' motion for sanctions pursuant to MCL 600.2591 and MCR 2.114, because although the plaintiff did not prevail at trial on its tortious-interference claims, the claims were not frivolous at the time the plaintiff asserted them.

3. The plaintiff's request that the defendants be sanctioned for filing a frivolous appeal is without merit because there was a reasonable basis for belief that there was a meritorious issue to be determined on appeal.

4. Although the plaintiff appeals the trial court's denial of its motion for new trial, the plaintiff waived this issue by failing to pursue a decision on the merits of the motion after the Court of Appeals dismissed the plaintiff's first claim of appeal for lack of jurisdiction.

Affirmed in part, reversed in part, and remanded for further proceedings.

COSTS — MEDIATION SANCTIONS — SETTLEMENTS — VERDICTS.

A stipulated order of dismissal reflecting a settlement of some of the parties' claims that was not the result of a motion after mediation, now known as case evaluation, does not constitute a verdict for the purpose of determining mediation sanctions (MCR 2.403[O][2][c]).

*Richard Craig Krause & Assoc.* (by *Richard Craig Krause* and *Steven E. Bangs*) for Jerico Construction, Inc.

*Pierce, Duke & Mengel, PLC* (by *Mark C. Pierce* and *Paul T. Mengel*), for Quadrants, Inc. and D & R Company, LLC.

Before: JANSEN, P.J. and KELLY and FORT HOOD, JJ.

KELLY, J. In these consolidated appeals, arising from a claim of tortious interference with a business relationship, defendants Quadrants, Inc. (Quadrants), and D & R Company, L.L.C. (D & R), appeal as of right an order denying Quadrants' motion for mediation sanctions and an order denying defendants' motion for sanctions pursuant to MCL 600.2591 and MCR 2.114. Plaintiff Jerico Construction, Inc., appeals as of right an order denying its motion for new trial following judgment entered on a jury verdict of no cause of action. We affirm in part, reverse in part, and remand.

I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is a general contractor engaged in commercial and industrial construction and is a subcontractor for steel-erection projects. Quadrants is a general contractor engaged in commercial and industrial construction. D & R, a company related to Quadrants, is a subcontractor engaged in steel erection. In 1995, several of plaintiff's workers left plaintiff's employ to work for D & R. Plaintiff filed a complaint against Quadrants,[1] alleging that Quadrants tortiously interfered with plaintiff's employment relationship with these workers. Plaintiff also alleged that Quadrants breached several contracts.

---

[1] At the time plaintiff filed its original complaint, it had not yet realized that D & R rather than Quadrants had employed its workers.

Quadrants moved for partial summary disposition pursuant to MCR 2.116(C)(8), arguing that plaintiff failed to plead all the elements of tortious interference. Before the trial court heard Quadrants' motion, plaintiff moved to amend its complaint to add a claim of tortious interference against D & R. The trial court granted plaintiff's motion and Quadrants' motion. In January 1997, a mediation[2] panel unanimously awarded $10,500 in plaintiff's favor. The parties rejected the mediation award.

In February 1997, plaintiff filed a first amended complaint alleging that D & R tortiously interfered with plaintiff's business relationships with its workers. Plaintiff also alleged breach of contract and promissory estoppel against Quadrants.

D & R moved for summary disposition of plaintiff's tortious-interference claim pursuant to MCR 2.116(C)(8). Before the trial court ruled on D & R's motion, plaintiff again filed a motion for leave to amend its complaint to add allegations of malicious and illegal acts, arguing that discovery revealed facts supporting these allegations. The trial court denied plaintiff's motion and granted D & R's motion for summary disposition.

Plaintiff and Quadrants entered into a settlement on the remaining contract claims. A stipulated order of dismissal was entered reflecting a settlement of $11,000 on the contract claims and retaining plaintiff's

___

[2] MCR 2.403 was amended, effective August 1, 2000, to change the term "mediation" to "case evaluation." *Marketos v American Employers Ins Co*, 465 Mich 407, 411 n 6; 633 NW2d 371 (2001). Because we apply the court rule in effect at the time this case mediated, we use the term "mediation" in this opinion. We note that this court rule has undergone several changes since this time. None of the changes affects our analysis in this case.

right to appeal the trial court's orders dismissing plaintiff's tortious-interference claims and denying plaintiff's motion for leave to file a second amended complaint.

On appeal, this Court reversed the trial court's orders granting summary disposition to defendants on plaintiff's tortious-interference claims, concluding that plaintiff's second amended complaint withstood defendants' summary-disposition motions. *Jerico Constr, Inc v Quadrant,* unpublished opinion per curiam of the Court of Appeals, issued March 26, 1999 (Docket No. 206026). The matter was remanded to the trial court for further proceedings on the tortious interference claims.

On remand and following a jury trial, a judgment of no cause of action was entered in defendants' favor. Plaintiff simultaneously filed a motion for new trial in the trial court and a claim of appeal in this Court (Docket No. 232709). At the hearing on plaintiff's motion for new trial, defendants argued that the trial court did not have jurisdiction over the case because plaintiff had already filed a claim of appeal in this Court. The trial court agreed, refusing argument on the motion and declining to address the merits of the motion. Nonetheless, an order was entered denying plaintiff's motion for new trial. Plaintiff subsequently filed a second claim of appeal, which is the appeal before us now.

After plaintiff filed this claim of appeal, this Court entered an order dismissing plaintiff's first claim of appeal for lack of jurisdiction, ruling:

> [The judgment of no cause of action] was not a final order at the time that the claim was filed. If an appellant files a motion for a new trial, reconsideration, rehearing or

similar postjudgment relief within 21 days of the entry of a final order, the finality of the order is suspended until the trial court denies that motion. An appeal as of right may then be claimed from the final order within 21 days after entry of the order denying the motion. See MCR 7.204(A)(1)(b). A claim of appeal that is filed before the entry of the denial order is a premature claim.

After the entry of this order, plaintiff did not seek to have the trial court address the merits of its motion for new trial. Instead, plaintiff relied upon its claim of appeal from the order denying defendant's motion for new trial even though the trial court, finding it lacked jurisdiction, refused to address the motion.

Also following trial, Quadrants moved for mediation sanctions on the basis of plaintiff's rejection of the mediation award. Plaintiff argued that mediation sanctions were not appropriate because the order of dismissal reflecting the $11,000 settlement was a "verdict" for the purpose of mediation sanctions, and this verdict was more than the mediation award. To the contrary, Quadrants argued that pursuant to the plain and unambiguous language of MCR 2.403(O)(2), the $11,000 settlement of plaintiff's contract claims was not a "verdict" for the purposes of MCR 2.403(O).[3] The trial court denied Quadrants' motion, ruling:

> [Y]ou've got settlements here. You've got one in this case and one in the Broadway[4] case. The settlement in the Broadway case is based on a ruling on a motion. But it was still a settlement. And the Broadway court said it's a ver-

---

[3] The trial court agreed that it had jurisdiction over this issue because the terms of the judgment permitted it.

[4] *Broadway Coney Island, Inc v Commercial Union Ins Cos*, 217 Mich App 109, 114; 550 NW2d 838 (1996).

dict, for the purpose of determining mediation sanctions and this Court has to go along.

Both defendants then filed a motion for sanctions pursuant to MCL 600.2591 and MCR 2.114, arguing that plaintiff's tortious-interference claims were frivolous. The trial court denied this motion.

## II. MEDIATION SANCTIONS

Quadrants argues that the trial court erred in denying its motion for mediation sanctions. We agree.

### A. STANDARD OF REVIEW

"We review the court's decision whether to grant mediation sanctions de novo because it involves a question of law, not a discretionary matter." *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 129; 573 NW2d 61 (1997). This issue also involves "interpretation of a court rule, which, like matters of statutory interpretation, is a question of law that we review de novo." *Marketos v American Employers Ins Co*, 465 Mich 407, 412; 633 NW2d 371 (2001).

In *Marketos*, our Supreme Court set forth the proper method for interpreting court rules:

> "When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. Accordingly, we begin with the plain language of the court rule. *When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation.* Similarly, common words must be understood to have their everyday, plain meaning." [*Id.* at 413, quoting *Grievance Administra-*

*tor v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000) (emphasis added).]

### B. DEFINITION OF "VERDICT" IN MCR 2.403

The issue presented is whether the stipulated order dismissing plaintiff's tort claims and reflecting a settlement of $11,000 on plaintiff's contract claims falls under the definition of "verdict" for purposes of MCR 2.403(O)(2). We find that it does not.

At the time this case mediated, MCR 2.403(O) provided, in relevant part:

> (1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.
>
> (2) *For the purpose of this rule* "verdict" includes,
>
> (a) a jury verdict,
>
> (b) a judgment by the court after a nonjury trial,
>
> (c) a judgment entered as a result of a ruling on a motion filed after mediation. [Emphasis added.]

Michigan courts, recognizing that our Supreme Court intended what it plainly stated, have consistently ruled that MCR 2.403(O)(2) contains a specific and precise definition of "verdict." Our Supreme Court itself held that 2.403(O)(2) provides a specific and "precisely worded" definition of "verdict." *Freeman v Consumers Power Co*, 437 Mich 514, 519; 473 NW2d 63 (1991). This Court similarly held "that the current version of MCR 2.403(O)(2)(c), now expressly

provides a definition of 'verdict' . . . ." *Herrera v Levine*, 176 Mich App 350, 359; 439 NW2d 378 (1989).

In applying MCR 2.403(O)(2), this Court has consistently rejected attempts to expand or read additional meaning into the rule that is not expressly stated. In *Johnson v State Farm Mutual Automobile Ins Co*, 183 Mich App 752, 767-769; 455 NW2d 420 (1990), this Court addressed the issue whether mediation sanctions may be imposed when a case is summarily decided on a motion after mediation but before the commencement of trial. The defendants argued that before sanctions could be assessed, trial must have actually commenced. *Id.* at 768. In rejecting that argument, this Court ruled:

> Had the Supreme Court merely wished to include within the definition of "verdict" those cases where a matter is disposed of by motion after the commencement of trial, it would have said so. Since the Supreme Court chose to use the phrase "a motion filed after mediation" rather than "a motion filed after the commencement of trial," or a similar phrase, we can only conclude that the Court intended to include those cases which are disposed of by motion following mediation but prior to the commencement of trial. [*Id.* at 769.]

In *Saint George Greek Orthodox Church of Southgate v Laupman's Assoc, PC*, 204 Mich App 278; 514 NW2d 516 (1994), this Court held that an arbitration award did not fall within the definition of "verdict" for the purposes of MCL 2.403(O) because the action was not proceeding to trial as required by MCR 2.403(O)(1). In *Smith v Elenges*, 156 Mich App 260; 401 NW2d 342 (1986), this Court ruled that a consent judgment was not a "verdict" for the purposes of the

mediation sanctions provided in WCCR 403.15, an early predecessor of MCR 2.403(O).

With regard to MCR 2.403(O)(2), plaintiff suggests that the word "includes" is not exclusive, but rather "means that it is left to the courts['] future interpretation as to what will constitute a 'verdict.' " However, plaintiff's suggestion ignores the basic rule of statutory construction that where language is unambiguous, this Court must enforce the meaning expressed. *Marketos, supra* at 413. "Include" is defined as "to contain, as a whole does parts or any part or element." *The Random House Dictionary of the English Language: Unabridged Edition* (2001). On the basis of this definition, and when read in context with the rest of the rule, it is clear that MCR 2.403(O)(2) provides that only three things qualify as verdicts for the purpose of this rule: "(a) a jury verdict, (b) a judgment by the court after a nonjury trial, and (c) a judgment entered as a result of a ruling on a motion filed after mediation."

### C. APPLICATION OF MCR 2.403

Here, the stipulated order of dismissal was entered on the basis of plaintiff's and Quadrants' settlement agreement—not by any of the three methods clearly and unambiguously set forth in MCR 2.403(O)(2). Because the order of dismissal was not a "verdict" for the purpose of MCR 2.403(O), the amount of the settlement should not have been considered in deciding whether Quadrants was entitled to mediation sanctions. The only "verdict" in this case is the jury verdict. To conclude otherwise would impermissibly expand, by judicial fiat, the specific and precisely worded definition of "verdict" to include any order

ending any part of a case by whatever method, thereby rendering the limiting language of MCR 2.403(O)(2)(a)-(c) nugatory. In construing a statute, this Court presumes that every word has some meaning and should avoid a construction that renders any part of it surplusage or nugatory. *Saint George Greek Orthodox Church, supra* at 284.

We find this interpretation of the court rule to be not only required by its plain language, but also consistent with the underlying purpose of mediation, which is "to encourage settlement and deter protracted litigation by placing the burden of litigation costs upon the party that required that the case proceed toward trial by rejecting the mediator's evaluation." *Broadway Coney Island, Inc v Commercial Union Ins Cos*, 217 Mich App 109, 114; 550 NW2d 838 (1996).

### D. *BROADWAY*

In denying defendants' motion for mediation sanctions, the trial court relied on *Broadway*. We find that the trial court correctly relied on *Broadway*, but erred in its application.

In *Broadway, supra*, the plaintiffs sued insurance companies seeking coverage after a fire destroyed the contents of their restaurant. *Id.* at 111-112. The plaintiffs also sued the insurance agents for failure to inform the insurance companies of the plaintiffs' ownership interest in the business assets at issue.[5] *Id.* at 112. Mediation resulted in an evaluation of no cause of action against the agents and an award of $85,000

---

[5] Other parties to the claim were not involved in the appeal. *Id.* at 111 n 1.

to the plaintiffs and against the insurance companies. *Id.* at 112-113. The agents accepted the mediation award, while the plaintiffs rejected the award. *Id.* The plaintiffs and the insurance companies stipulated the withdrawal of the defense of lack of insurable interest and the dismissal of the plaintiffs' claims against the agents. *Id.* at 113. The agents objected to the stipulation and order of dismissal. *Id.* The plaintiffs and the insurance companies placed a settlement on the record whereby the insurance companies agreed to pay plaintiffs $90,000. *Id.* Thereafter, the insurance companies *moved to dismiss* the action against *all* parties with prejudice and without costs. At the hearing on the insurance companies' motion to dismiss, the agents complained that dismissal would be unfair because they were forced to defend for three years as a result of a frivolous defense tendered by the insurance companies. *Id.* The trial court granted the motion for entry of dismissal with prejudice and without costs to any party. *Id.* The agents moved for reconsideration, seeking sanctions against the plaintiffs and the insurance companies. *Id.* at 111. The trial court denied the motion. *Id.*

The agents appealed the trial court's order denying their request for mediation sanctions against the plaintiffs. After noting that the order of dismissal with prejudice and without costs *resulted from a motion,* this Court found:

> The order of dismissal with prejudice falls within the definition of "verdict" under MCR 2.403(O)(2)(c). The order had the same effect as a judgment of no cause of action in favor of the insurance agents and, therefore, is to be treated as one. To find otherwise would be contrary to the purpose behind MCR 2.403, which is to encourage settlement and

deter protracted litigation by placing the burden of litiga-
tion costs upon the party that required that the case pro-
ceed toward trial by rejecting the mediator's evaluation. [*Id.*
at 114.]

Pursuant to *Broadway,* the settlement entered in
this case was not a verdict under MCR 2.403(O)(2)(c).
In *Broadway,* this Court ruled that the "order of dis-
missal with prejudice falls within the definition of
'verdict' under MCR 2.403(O)(2)(c)." Although it did
not elaborate on this point, it so ruled because the
order was entered as a result of *a ruling on a motion*
filed after mediation. The trial court granted the
motion to dismiss regarding all parties and entered
the order of dismissal. *Id.* at 113. Because the order
of dismissal was the result of a ruling on a motion
filed after mediation, it clearly came within the provi-
sions of MCR 2.403(O)(2). The settlement amount
was used to determine the aggregate verdict pursuant
to MCR 2.403(O)(4) because the order of dismissal
was first determined to be a verdict for the purposes
MCR 2.403(O). In the instant case, the stipulated
order of dismissal was not a verdict for the purposes
of MCR 2.403(O) because it was not entered as a
result of a ruling on a motion.

Because the underlying order of dismissal was not
a verdict for purposes of MCR 2.403, the settlement
amount reflected in that order should not have been
taken into consideration when evaluating whether
Quadrants was entitled to mediation sanctions. The
mediation evaluation in this case was $10,500. The
jury verdict for both defendants was that plaintiff had
no cause of action. Because both parties rejected the
evaluation, Quadrants was "entitled to costs only if
the verdict is more favorable to [it] than the media-

tion evaluation." MCR 2.403(O)(1). The verdict of no cause of action was more favorable to Quadrants than the $10,500 evaluation. Therefore, the trial court erred in finding that Quadrants was not entitled to mediation sanctions pursuant to MCR 2.403(O).[6]

### III. SANCTIONS FOR BRINGING A FRIVOLOUS CLAIM

Defendants next argue that the trial court erred in denying their motion for sanctions pursuant to MCL 600.2519 and MCR 2.114. We disagree.

#### A. STANDARD OF REVIEW

This Court reviews a trial court's finding regarding whether an action is frivolous for clear legal error. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). A decision is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made. *Id.*

#### B. MCL 600.2591 AND MCR 2.114

Pursuant to MCL 600.2591, a claim is frivolous when: (1) the party's primary purpose was to harass, embarrass or injure the prevailing party; (2) the party had no reasonable basis to believe the underlying facts were true; or (3) the party's position was devoid

---

[6] Quadrants also raises the issue of the amount of sanctions that should be awarded. However, because the trial court denied defendants' motion, it did not address the amount of sanctions. "Generally, an issue not raised before and considered by the trial court is not preserved for appellate review." *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 98; 494 NW2d 791 (1992). Because the trial court did not address this issue, this Court will not address it on appeal. Rather, we remand the case to the trial court for further proceedings.

of arguable legal merit. *Kitchen, supra* at 662. The filing of a signed pleading that is not well-grounded in fact and law subjects the filer to similar sanctions pursuant to MCR 2.114(E). *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 407; 651 NW2d 756 (2002).

Defendants' argument that plaintiff's claim was frivolous is based on a comparison of the facts as pleaded and the evidence presented at trial.[7] However, plaintiff's inability to prove its case by a preponderance of evidence at trial does not merit a finding that its claim was frivolous. The determination whether a claim or defense is frivolous must be based on the circumstances at the time it was asserted. *In re Costs and Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). That the alleged facts are later discovered to be untrue does not invalidate a prior reasonable inquiry. *Lockhart v Lockhart*, 149 Mich App 10, 14-15; 385 NW2d 709 (1986). "Not every error in legal analysis constitutes a frivolous position." *Kitchen, supra* at 663. While plaintiff's claims were not successful, they were not completely groundless or "devoid of arguable legal merit." MCL 600.2591(3)(a)(iii). Therefore, the trial court did not err in denying defendants' motion for sanctions.

### C. MCR 7.216(C)

Plaintiff requests that defendants be sanctioned for filing a frivolous appeal. MCR 7.216(C). This Court has imposed sanctions where the appeal is brought

---

[7] Many of the facts defendants cite are not supported by citation to the lower-court record. "Facts stated must be supported by specific page references to the transcript, the pleadings, or other document or paper filed with the trial court." MCR 7.212(C)(7).

" 'without any reasonable basis for belief that there was a meritorious issue to be determined on appeal.' " *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 268; 548 NW2d 698 (1996), quoting MCR 7.216(C)(1)(a). Although defendants' arguments in their second issue are unpersuasive, we find there was a reasonable basis for belief that there was a meritorious issue to be determined on appeal.

### IV. PLAINTIFF'S MOTION FOR NEW TRIAL

Plaintiff argues that it is entitled to a new trial for a number of reasons. Because we find that plaintiff has waived this issue, we decline to address it.[8]

Plaintiff filed a motion for new trial at the same time it filed a claim of appeal in this Court, arguing that defense counsel committed misconduct affecting the outcome of the case. At a hearing on this motion, defendants argued that the trial court did not have jurisdiction over the case because plaintiff had already filed a claim of appeal in this Court. The trial court agreed, refusing argument on the motion and declining to address it. Nonetheless, an order was entered denying plaintiff's motion for a new trial. Plaintiff subsequently filed a second claim of appeal in this Court.

Thereafter, this Court dismissed plaintiff's first claim of appeal because the judgment of no cause of action was not the final order at the time the claim of appeal was filed.[9] Plaintiff did not pursue its motion

---

[8] Even if plaintiff had not waived the issue, our thorough review of the record revealed no error warranting a new trial.

[9] Under MCR 7.204(A)(1)(b), when a party files a motion for new trial within twenty-one days of entry of a final order, the finality of the order is suspended until the trial court denies the motion.

for new trial in the trial court. Rather, it relied on its second claim of appeal based on the trial court's order denying its motion for new trial even though the trial court, finding it lacked jurisdiction, never addressed the motion. Despite knowing that the trial court never addressed the merits of its motion, plaintiff did not pursue the motion in the trial court. Plaintiff may not by its silence harbor error as an appellate parachute. *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002).

We reverse the trial court's order denying Quadrants' motion for mediation sanctions and remand for further proceedings. We affirm in all other respects. We do not retain jurisdiction.