# STATE OF MICHIGAN

# COURT OF APPEALS

NATHAN M. BROWN,

Plaintiff-Appellant,

v

LYNN ANN BROWN a/k/a LYNETTE BROWN,

Defendant-Appellee.

UNPUBLISHED
December 30, 2014

No. 317717
Clinton Circuit Court
Family Division
LC No. 09-021478-DM

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Plaintiff appeals as of right from an order finding his motion for specific parenting time frivolous. Defendant was awarded attorney fees as a sanction. We affirm.

The parties were before this Court in 2013 on plaintiff's appeal of the trial court's April 11, 2012, order limiting him to four hours of supervised parenting time a week and indicating that defendant had shown proper cause to warrant further evidentiary hearings regarding whether to terminate plaintiff's joint legal custody. *Brown v Brown*, unpublished opinion per curiam of the Court of Appeals, issued January 3, 2013 (Docket No. 309890). The trial court had based its decision, in part, on evidence adduced at hearings on plaintiff's objections to a personal protection order (PPO) plaintiff had secured against him. The PPO had been issued in February 2012 (and, evidently, it was later modified to accommodate the parenting time provisions of the April 11, 2012, order). We concluded with regard to the issue of supervised parenting time that the trial court committed clear legal error when it limited plaintiff's parenting time. *Id*. at 7. The court should have determined, this Court explained, whether proper cause or changed circumstances existed to modify the parenting time afforded plaintiff in the judgment of divorce, which was the governing custody order. *Id*. Even if the court had found proper cause or changed circumstances, we continued, it should next have determined whether modification of parenting time would have altered an established custodial environment and, if so, whether such alteration would have been in the best interests of the children. *Id*. at 7-8. Again, the court failed to do so. *Id*. For these reasons, the Court vacated the April 11, 2012, order and remanded the matter for further proceedings. *Id*. at 8.

After we issued our opinion in *Brown*, plaintiff tried to schedule parenting time, but was told that the PPO was still in effect and that its no-contact provision barred his exercise of

-1-

parenting time. At a post-remand status conference held in March 2013, plaintiff raised the assertion that the modified PPO permitted him supervised parenting time. Defendant contested that idea, implying that, after this Court vacated the April 11 order, custody and parenting time returned to what it was before the April 11 order—namely, custody and parenting time were governed by the parties' judgment of divorce, as restricted by the no-contact provisions of the original PPO pursuant to MCR 3.706(C)(3) (stating that a PPO takes precedence over a custody order). Maintaining that the *modified* PPO had not been affected by the *Brown* decision and that it entitled him to supervised parenting time, plaintiff continued to try to schedule visits with his children. Having no success, plaintiff filed the motion for specific parenting time that gave rise to the instant appeal.

Two weeks after plaintiff filed his motion, the trial court issued its opinion and order after remand. With regard to the issue of parenting time, the trial court concluded:

> [I]in light of the fact that the parenting provisions of the Judgment of Divorce have been superseded by the PPO, further analysis of whether any modification would alter the custodial environment would be futile at this point. Rather, the appropriate remedy would be for the parties to be referred back to the Friend of the Court [FOC] for further proceedings regarding alteration of the custodial environment, so that once the PPO expires on December 31, 2013, or if Father is successful in his application for leave to appeal, then a recommendation can be made regarding the expansion of Father's parenting time rights, and whether a requirement that Father have supervised parenting time would disrupt the custodial environment, and if such a restriction is in the best interests of the minor children.

Accordingly, the court instructed the FOC to conduct an evidentiary hearing on whether the parties had a shared custodial environment with regard to parenting time and "whether a parenting time schedule that differs from the one set forth in the parties' Judgment of Divorce should be implemented upon expiration or vacation of the PPO now in effect."

At the August 13, 2013, hearing on plaintiff's motion for specific parenting time, the trial court concluded that the PPO's modification had been tied to the grant of parenting time in the court's April 11, 2012, order. When that order was vacated, eliminating the parenting time the PPO accommodated, it eliminated the modification. The trial court maintained that its statements in earlier post-remand proceedings made it clear that the parties were moving forward within the confines of the PPO and through discussions with the FOC referee regarding a parenting time schedule that would take effect after expiration of the PPO. The trial court denied plaintiff's motion, stating that "very clearly where the provision for supervised parenting time was gutted by the Court of Appeals, at the insistence of Plaintiff, I do find . . . it rises to the level of either a frivolous or filing in bad faith." Defendant submitted a bill of costs for $1,000, which the court granted, and plaintiff filed this appeal.

The issue presented to this Court is whether the trial court erred when it concluded that plaintiff's motion was frivolous and when it therefore awarded defendant attorney fees as sanctions. We review "a trial court's finding regarding whether an action is frivolous for clear legal error." *Jerico Const, Inc v Quadrants, Inc*, 257 Mich App 22, 35; 666 NW2d 310, 318

-2-

(2003). "When a court incorrectly chooses, interprets, or applies the law, it commits legal error that the appellate court is bound to correct." *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994).

MCL 600.2591 provides, in part:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

> * * *

> (3) As used in this section:

> (a) "Frivolous" means that at least 1 of the following conditions is met:

> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

> (iii) The party's legal position was devoid of arguable legal merit.

Despite the acrimonious nature of the parties' post-judgment proceedings, there is no evidence to indicate that plaintiff's primary purpose in filing his motion for specific parenting time was other than to see his children. Furthermore, the procedural facts on which plaintiff based his motion were true.

Plaintiff argues that his motion has legal merit for two reasons: First, because it was reasonable to believe that he was entitled to supervised parenting time, and second, because MCL 722.27a(7) provides that "[p]arenting time shall be granted in specific terms if requested by either party at any time." Plaintiff argues that it was not unreasonable for him to believe that he had parenting time based on the modified PPO and the fact that nothing in the post-remand proceedings clearly indicated that he did not.

The essence of plaintiff's argument regarding the PPO is that, when this Court vacated the April 11 parenting time order, the judgment of divorce once again became the governing order. According to plaintiff, the judgment of divorce was restricted by the modified PPO, which was not affected by the Court's opinion, and the modified PPO allowed plaintiff supervised parenting time twice a week for two hours. Therefore, plaintiff argues, under the terms of the modified PPO, plaintiff was entitled to supervised parenting time.

Essentially, plaintiff is arguing for the parenting-time restrictions imposed by the very order this Court vacated, because he understands the alternative to be no parenting time until expiration of the PPO. Weighing against plaintiff's position is that, under the court rules, a PPO

-3-

can restrict the exercise of parenting time, MCR 3.706(C)(3), or it can accommodate the exercise of parenting time, MCR 3.706(C)(2), but it is not an independent source of parenting time.[1] The original PPO restricted parenting time, and after the vacation of the April 11 order, it appears that there was no proper source for weekly parenting time as argued for by plaintiff. Importantly, the PPO is not part of the record, and plaintiff does not quote directly from its text in support of his position. For this reason, it cannot even be determined whether plaintiff's interpretation of the PPO is reasonable, or belied by the text of the document.[2] We find no basis for appellate relief.[3]

Plaintiff's argument regarding MCL 722.27a(7) is also without merit. This statute applies in circumstances where a party granted unspecified parenting time wants a more definite statement of his or her parenting time rights. See *Pickering v Pickering*, 268 Mich App 1, 4-7; 706 NW2d 835 (2005) (indicating that the court was required to grant a specific term of parenting time at the request of a father already granted "reasonable and liberal" parenting time). If plaintiff is not entitled to parenting time, the statute is inapplicable. If it were otherwise, a party could circumvent a PPO prohibiting contact with his or her children simply by requesting specific parenting time under MCL 722.27a.

Finally, plaintiff states that the trial court wrote a note on the original PPO adding that plaintiff was barred from contact with his children. Plaintiff argues that, by so doing, the trial court essentially added the children as party petitioners to the PPO. Plaintiff argues that the April 11 amendment of the PPO to comport with the order in the domestic case was required because the handwritten phrase "and his children" violated that provision in the PPO statute that prohibits issuance of a PPO if "[t]he petitioner is the unemancipated minor child of the respondent." MCL 600.2950(27)(b).

Plaintiff's position on this issue is without merit. Not only does plaintiff cite no authority to support his proposition that the children were effectively added as petitioners by the trial

---

[1] An award of parenting time is governed by MCL 722.27a, which requires, among other things that the court grant parenting time "in accordance with the best interests of the child" and provides a number of factors the court may consider when determining the "frequency, duration, and type of parenting time to be granted[.]" MCL 722.27a(1) and (6). Plaintiff's attorney noted at the status conference that the best-interests factors are not part of the elements of a PPO proceeding.

[2] Indeed, we have no basis on which to discredit the trial court's finding that any parenting time mentioned in the modified PPO was tied to the April 11 order that was subsequently vacated.

[3] Plaintiff refers to a statement by his attorney at the end of the April 13, 2013, hearing that an anticipated order regarding the parties' mandated use of "Our Family Wizard" would "have to be in the PPO file, because the amended order allows supervised parenting time and no other control." This was an isolated statement made in the winding-up moments of a hearing in response to the court's question regarding whether the "Our Family Wizard" order should be made part of the PPO file. Under the circumstances, the fact that no one objected to this statement does not support plaintiff's position.

court's handwritten notation, but MCL 600.2950 clearly envisions that one party may enjoin another from contacting his or her minor children in certain situations. See MCL 600.2950(1)(d) (stating that a respondent may be enjoined from "[r]emoving minor children from the individual having legal custody of the children, except as otherwise authorized by a custody or parenting time order issued by a court of competent jurisdiction"). In addition, MCR 3.706 recognizes that a court can enjoin a parent from contacting his or her children, even when a parenting time order is in place, "if the situation is such that the safety of petitioner and minor children would be compromised" if accommodations were made for parenting time. MCR 3.706(C)(2).

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter