# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of ROBERT WINFIELD CEDERQUIST.

BONNIE K. ROWAN, Personal Representative of the ESTATE OF ROBERT WINFIELD CEDERQUIST, and RANDAL T. LEWIS,

        Appellants,

v

SUSAN BILLINGTON a/k/a SUSAN CEDERQUIST, ROBERT J. CEDERQUIST, REBEKA LEWIS a/k/a REBEKA CEDERQUIST, and MICHELE H. ROSS a/k/a MICHELE H. CEDERQUIST a/k/a MICHELE DAVID-ROSS,

        Appellees.

UNPUBLISHED
February 16, 2017

No. 330518
Montcalm Probate Court
LC No. 2011-030951-DE

SUSAN BILLINGTON a/k/a SUSAN CEDERQUIST, ROBERT J. CEDERQUIST, REBEKA LEWIS a/k/a REBEKA CEDERQUIST, and MICHELE H. ROSS a/k/a MICHELE H. CEDERQUIST,

        Plaintiffs-Appellees,

v

BONNIE K. ROWAN and RANDAL T. LEWIS,

        Defendants-Appellants.

No. 330519
Montcalm Probate Court
LC No. 2011-031015-CZ

*In re* ROBERT WINFIELD CEDERQUIST REVOCABLE TRUST.

-1-

BONNIE K. ROWAN, Trustee, and RANDAL T.
LEWIS,

          Appellants,

v                                                    No.  330520
                                                     Montcalm Probate Court
SUSAN BILLINGTON a/k/a SUSAN                         LC No.  2011-030951-ML;
CEDERQUIST, ROBERT J. CEDERQUIST,                            2011-030951-TV
REBEKA LEWIS a/k/a REBEKA CEDERQUIST,
and MICHELE H. ROSS a/k/a MICHELE H.
CEDERQUIST,

          Appellees.

Before:  MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

In these consolidated cases, appellants appeal as of right the November 17, 2015 order denying their motion for attorney fees and costs. We affirm.

The now-decimated estate at the heart of this suit has been the subject of extensive litigation in the probate court, on appeal to the circuit court, and before another panel of this Court on interlocutory appeal. The facts underlying that litigation—which set the stage for the issues now before us—are set forth in one of our prior opinions in this matter, *Billington v Rowan*, unpublished opinion per curiam of the Court of Appeals, issued October 15, 2013 (Docket No. 311196), pp 1-3. For the purposes of this appeal, it is sufficient for us to note that the decedent's children—Susan Billington, Robert J. Cederquist, Rebeka Lewis, and Michele Cederquist  (appellees)—instituted a variety of legal proceedings challenging the decedent's bequests to Bonnie Rowan and Randal Lewis (appellants) as the product of appellants' undue influence on the decedent. After extensive discovery, the probate court granted appellant's motion for summary disposition, dismissing the appellees' complaints.

After dismissal, appellants moved for sanctions solely under MCL 600.2591(3)(a)(i), claiming that appellees' "primary purpose in initiating the action[s] . . . was to harass, embarrass, or injure" appellants, specifically by engaging in unnecessarily extensive discovery to increase appellants' attorney fees and drain the estate of its entire worth—approximately $500,000. Specifically, appellants assert that, in discovery, appellees "served 159 interrogatories (with 312 sub-parts), 231 requests to produce, and 69 third party document subpoenas, generating over 12,000 documents and 10,000 computer files." Appellants sought an assessment of $635,755.18, which appears to be the entirety of their attorney fees and costs in the matter (and which well exceeds the value of the estate).

The probate court denied this motion on two grounds. First, the probate court concluded that appellants' failure to file for a protective order from unwarranted discovery precluded the

-2-

court from awarding attorney fees and costs. Second, the probate court found that, although some harassment may have occurred during discovery, appellants were not entitled to relief under MCL 600.2591 because appellees' lawsuit was not frivolous from the outset of the case. On appeal, appellants challenge both the legal and factual bases of that decision.

"A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 533; 773 NW2d 57 (2009). A "trial court's decision is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Holton v Ward*, 303 Mich App 718, 734 n 20; 847 NW2d 1 (2014) (quotation marks and citation omitted). To the extent that review of the issue entails the interpretation of a court rule or a statute, "this Court reviews the issue de novo." *Id*.

"In general, a party is not entitled to an award of attorney fees and costs unless such an award is expressly authorized by statute or court rule." *Kennedy v Robert Lee Auto Sales*, 313 Mich App 277, 285-286; 882 NW2d 563 (2015). Appellants sought sanctions solely under MCL 600.2591(1), which provides:

> Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

MCL 600.2591(3)(a) then defines "frivolous" as any of the following:

> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

> (iii) The party's legal position was devoid of arguable legal merit.

Whether a civil action is frivolous is necessarily a fact-based inquiry. "The factual determination by the trial court depends on the particular facts and circumstances of the claim involved." *In re Costs and Attorney Fees*, 250 Mich App 89, 94-95; 645 NW2d 697 (2002). Therefore, "[t]o determine whether sanctions are appropriate under MCL 600.2591, it is necessary to evaluate the claims or defenses at issue *at the time they were made*." *Id*. at 94 (emphasis added). "That the alleged facts are later discovered to be untrue does not invalidate a prior reasonable inquiry." *Jerico Const, Inc v Quadrants, Inc*, 257 Mich App 22, 36; 666 NW2d 310 (2003).

Concerning the probate court's first proffered reason for denying appellants' motion, appellants are correct that requesting a protective order is not a prerequisite for a prevailing party

-3-

to obtain relief under MCL 600.2591. MCL 600.2591(1) plainly states that, upon the prevailing party's motion, the trial court "shall award" costs and fees when it concludes that an action was frivolous. MCL 600.2591(3)(a) sets forth three scenarios under which an action is frivolous, none of which mention, or even allude to, any requirement that the prevailing party seek a protective order. Indeed, no portion of MCL 600.2591 evidences any intent on the part of our Legislature to condition relief upon the prevailing party's filing of *any* motion, save for the motion for sanctions itself. "We do not read requirements into [an unambiguous] statute where none appear in the plain language," *People v Feeley*, 499 Mich 429, 439; 885 NW2d 223 (2016), and we refuse to do so here.

Moreover, the proper inquiry under MCL 600.2591 focuses on whether the action was frivolous at the time the party initiates it. *In re Costs and Attorney Fees*, 250 Mich App at 94-95. While we note that, in an appropriate case, a prevailing party's failure to seek a protective order may impact whether the fees and costs sought are reasonable under MCL 600.2591(2) to the extent that they may have been prevented by that order, a prevailing party's failure to seek a protective order after their opponent files an action simply does not change whether that action was frivolous at the time initiated. Accordingly, we conclude that the probate court erred by holding that appellants' failure to seek a protective order prevented them from obtaining relief under MCL 600.2591.

As to the probate court's second reason, however, we conclude that the court's finding that appellees' action was not frivolous at the time initiated was not clearly erroneous. Before the probate court and on appeal, appellants argue that appellees' litigation conduct demonstrated that their primary purpose in initiating the claims was to harass, embarrass, or injure appellants. In opposition, appellees argue that discovery and motion practice throughout the lawsuit are legally irrelevant to whether a party's action was frivolous when initiated. While it is certainly correct that a trial court's focus must be on what a party intended when initiating the action, it does not follow that subsequent litigation conduct is necessarily and always irrelevant to that inquiry. See, e.g., *Dep't of Natural Resources v Bayshore Assoc, Inc*, 210 Mich App 71, 89-90; 533 NW2d 593 (taking note of post-filing conduct in awarding fees under MCL 600.2591). Subsequent conduct could be relevant, for example, to show that a plaintiff really did intend to harass the defendant as opposed to being honestly mistaken about the factual strength of its claims, as a mistaken plaintiff would likely react much differently in the face of damning counter-evidence obtained during discovery than would a harassing plaintiff.

Nonetheless, even if certain conduct during the litigation is designed to harass, embarrass, or injure, an action is still not "frivolous" under the meaning of MCL 600.2591(3)(a)(i) unless the "*primary* purpose in *initiating* the action or asserting the defense was to harass, embarrass, or injure the prevailing party." MCL 600.2591(3)(a)(i)(emphasis added). Although we do not condone some of the parties' discovery conduct, we are unable to conclude that the probate court clearly erred when it concluded that the appellees' primary purpose in initiating the action was not to harass, embarrass, or injure appellants.

In this case, appellants, who were the ex-spouses of two of the appellees, continued their relationships with the decedent after their divorces from those appellees and after the appellees and decedent became estranged. As a panel of this Court previously noted, appellees were "correct that there was evidence that [appellant Bonnie] Rowan schemed to turn decedent against

-4-

his children and that decedent's relationship with his children soured after Rowan started to spend more time with decedent." *In re Robert Winfield Cederquist Revocable Trust*, unpublished opinion per curiam of the Court of Appeals, issued July 28, 2015 (Docket Nos. 321290, 321291, 321350), p 3. Moreover, Rowan benefitted from a series of transactions made by the decedent and "had the opportunity to influence decedent." *Id*. at 4. There was also evidence showing that Rowan was the decedent's caregiver as well as "evidence of decedent's enfeebled health while decedent was signing the beneficiary designations and estate plan documents." *Id*.

These facts support the probate court's finding that appellees believed that they had a legitimate claim that appellants unduly influenced decedent with respect to his estate, retirement accounts, and trust. In turn, the facts similarly support the probate court's finding that appellees' primary purpose in initiating the actions was not to harass, embarrass, or injure appellants. As the probate court acknowledged, "the gravamen of [appellants' argument for sanctions was] the extensive and unproductive discovery that resulted in summary disposition." Even assuming that discovery efforts during litigation were excessive and designed to increase the cost of litigation, we are not left with a definite and firm conviction that a mistake has been made with respect to the probate court's finding that the *primary purpose* in *initiating* the actions was not to harass, embarrass, or injure. *Holton*, 303 Mich App at 734 n 20. Because the probate court's conclusion as to frivolousness was not clearly erroneous, its improper conclusion regarding appellants' failure to seek a protective order was harmless. MCR 2.613(A); MCR 5.001.

Appellants final argument on appeal is that the probate court rewrote the definition of "frivolous" by requiring that more than one of the conditions under MCL 600.2591(3)(a) be met. This argument is not supported by the record. In reference to MCL 600.2591(3)(a)(ii) and (iii), the probate court stated, "Just because the Court cannot find that Plaintiffs' cause of action was devoid of legal merit and/or had no reasonable basis, does not conclude the inquiry whether to grant cost in attorney fees under the statute." The probate court then went on to analyze, as described above, whether the appellee's primary purpose in initiating the action was to harass, embarrass, or injure appellants under MCL 600.2591(3)(a)(i). Accordingly, we conclude that the probate court properly understood that MCL 600.2591(3)(a) sets forth three scenarios under which an action may be frivolous, any one of which would be sufficient to warrant sanctions. Thus, appellants' argument is unavailing.

Of final note, we acknowledge that, during an earlier interlocutory appeal, a previous panel of this Court expressed frustration at the discovery practice of the parties involved in this case. While this frustration may have been warranted, no party sought sanctions for that conduct under MCR 2.302(G) or MCR 2.114. Whether the probate court could have awarded sanctions under those rules is therefore not before this Court. See *Providence Hosp v Natl Labor Union Health & Welfare Fund*, 162 Mich App 191, 194; 412 NW2d 690 (1987) ("Generally, this Court will not review issues that were not raised and decided by the trial court."). Accordingly, the appellees' discovery conduct in the proceeding below is only relevant insofar as it evidenced the frivolous nature of appellees' action at the outset. On that question, we conclude that the probate court did not clearly err in concluding that the appellees' action was not frivolous.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle