*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLISON TASICH,

      Plaintiff-Appellee,

UNPUBLISHED
January 7, 2020

v

GREGORY TASICH,

      Defendant-Appellant.

No. 343565
Oakland Circuit Court
LC No. 2005-709323-DM

Before: BECKERING, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's opinion and order awarding attorney's fees to plaintiff. For the reasons set forth in this opinion, we vacate the trial court's order awarding attorney fees and remand this matter to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

Defendant and plaintiff were divorced on February 28, 2006. As part of the divorce decree, the parties share legal custody of their two minor children. On September 8, 2017, the trial court entered an order modifying the parenting time of the parties. Following what he believed to be several violations by plaintiff of the trial court's orders, defendant filed a petition for an order to show cause why plaintiff should not be held in contempt for violating the orders. In addition to alleging several violations of the custody agreement, defendant also requested the trial court award him attorney's fees under MCR 3.206(C) (party failed to comply with a court order in a domestic relations proceeding, despite its ability to comply).[1] Plaintiff filed a response to defendant's petition, denying the allegations made against her and argued that defendant was

---

[1] The provision is now codified as MCR 3.206(D). Because the earlier codification was used in the parties' submissions to both the trial court and this Court, we will use the earlier codification—for consistency's sake—throughout the opinion.

the party in violation of the trial court's orders. Plaintiff also argued she was entitled to attorney's fees under either MCR 3.206(C) or MCL 600.2591 (nonprevailing party's claim is frivolous).

The trial court held a hearing concerning defendant's petition. Below is nearly the totality of the hearing prior to the trial court's award of attorney fees:

*Defendant's Counsel*: . . . The only thing we didn't reach an agreement on, we filed our motion for show cause, she wants attorney fees because she didn't think our motion was proper, I disagree. That's where we're at.

*The Court*: Response?

*Plaintiff's Counsel*: I don't think that his show cause is factually based, I don't think there were any violations by mother of the order, and I think it was filed frivolously in an order to harass my client when there should have been more co-parenting done in this case as opposed to just trying to say mom didn't do this, mom didn't do that, mom is bad, mom is bad.

And I feel that fees are appropriate under both the court rule and the statute cited in my motion—or in my response.

*The Court*: Mr. Dean? (The Guardian ad Litem)

*Guardian ad Litem:* Thank you, Your Honor. In my report, which I submitted for Your Honor, I felt that the plaintiff's attorney is correct, that she should be awarded attorney fees regarding her response to the petition by the defendant.

*The Court:* And what you are asking for in attorney fees?

*Plaintiff's Counsel:* I was asking for 10 hours at 275 an hour, which is 2570 . . .

Following a very brief discussion regarding how plaintiff's attorney fees were computed, the following discussion took place:

*The Court*: Okay, So, the Court is going to grant you some attorney fees. I'm going to ask that you file an affidavit with regard to the amount of the fees and that they're proper under the *Wood* factors. I'll give you a chance to response with regard to why they are inaccurate, the fees, but I will grant fees. Okay.

When defense counsel pressed the trial court as to the basis for its decision to award attorney fees without a hearing the following took place:

*Defendant's Counsel:* Your Honor, relative to their request, I think we should be able to present out evidence and have a hearing on that before you award it. (attorney fees).

*The Court*: Okay. I've ruled that I'm going to allow the attorney fees with regard to the motion that's pending, the show cause motion. And we're going to have a fee structure that's going to indicate what is the reason, the basis for the fees, and whether or not there's an objection to the reasonableness in that you can tell me why it is reasonable or why it isn't reasonable.

*Defendant's Counsel*: Your Honor, the only show cause hearing is my show cause hearing, she didn't file one.

*The Court*: She had to file a response.

Following a brief discussion where the trial court again turned to the issue of how it should properly determine the *amount* of attorney fees, defendant's counsel again pressed the trial court for an explanation as to its basis for the award of attorney fees to which the trial court responded: "Because I don't believe that the motion was necessary, and I believe it's a violation pursuant to counsel's indications in her reply."

Thereafter, the parties submitted briefs and the trial court issued an opinion and order awarding plaintiff $2,303.12 in attorney's fees. The entirety of the rationale provided by the trial court for the awarding of attorney fees found it its order of April 9, 2018 is as follows:

> . . . At the hearing, Plaintiff's counsel argued, and the Guardian ad Litem agreed, that Plaintiff is entitled to attorney fees because Defendant's Petition for show cause was not grounded in fact and was filed to harass Plaintiff.

> The Court also agreed with Plaintiff and, by order dated March 21, 2018, denied Defendant's Petition for Order to Show Cause.

This appeal followed.[2]

## II. STANDARD OF REVIEW

We review "a trial court's decision whether to award attorney fees for an abuse of discretion, the trial court's findings of fact for clear error, and any questions of law de novo." *Loutts v Loutts*, 298 Mich App 21, 24; 826 NW2d 152 (2012). Similarly, "[a] trial court's finding that an action is frivolous is reviewed for clear error." *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002) (citation omitted). Moreover, a determination that a claim is frivolous depends on the circumstances of a particular case. *Id*. at 662.

"An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (citation omitted). "A court by definition abuses its discretion when it makes an error of

---

[2] Plaintiff has not filed any papers in this appeal.

law." *In re Waters Drainage Dist,* 296 Mich App 214, 220; 818 NW2d 478 (2012). Finally, "[a] decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen*, 465 Mich at 661-662.

### III. ANALYSIS

Here, the trial court clearly erred when it failed to provide any factual basis for its award of attorney fees. Additionally, the trial court erred by never indicating the legal basis on which the fees were awarded.

Michigan follows the "American Rule" concerning attorney's fees, which states that "attorney's fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). While both parties requested the trial court award them attorney's fees under the former MCR 3.206(C), only plaintiff requested attorney's fees under MCL 600.2591. As previously stated, the trial court never gave a legal basis for its ruling. However, on the very limited record before us wherein the trial court stated it was awarding attorney fees based on plaintiff's reply, we are left to speculate that the trial court awarded attorney fees under MCL 600.2591 because that was the legal basis set forth in plaintiff's reply.

MCL 600.2591 provides:

> Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

The statute further states that, for an action to be considered frivolous, one of the three following conditions must be met:

> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (iii) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a)(i) through (iii).]

A party's action is deemed frivolous when "(1) the party's primary purpose was to harass, embarrass or injure the prevailing party; (2) the party had no reasonable basis to believe the underlying facts were true; or (3) the party's position was devoid of arguable legal merit." *Jerico Const, Inc, v Quadrants, Inc*, 257 Mich App 22, 35-36; 666 NW2d 310 (2003). However, "[t]he mere fact that [a] plaintiff[] did not ultimately prevail does not render [his pleading] frivolous." *Kitchen*, 465 Mich at 662.

Here, the trial court relied on plaintiff's response to defendant's motion to provide the factual basis for its ruling that defendant's motion was frivolous. While we recognize that a trial court can adopt a party's proposed findings of fact in a contempt proceeding, *Brandt v Brandt*, 250 Mich App 68, 73; 645 NW2d 327 (2002), the problem here was plaintiff did not present any document or statements that could be construed as proposed findings of fact. Rather, plaintiff's reply brief was argument, in which she disputed that any of defendant's allegations were due to her actions or inactions. Essentially, plaintiff did not deny the events occurred, she denied they were her fault.

Review of the record reveals that defendant filed his motion after a series of disputes with plaintiff regarding issues relative to custody and visitation. In answering virtually every allegation made by defendant, plaintiff did not dispute that the alleged event occurred, rather, as previously stated, the debate centered around who was responsible for the action or inaction. For example, defendant alleges that he was denied his full Christmas visitation with one of the children. Plaintiff does not deny this occurred but rather argues that it was defendant's fault that this occurred. The same can be said of each count brought by defendant. Clearly, defendant's motion was not the type of filing where the party had "no reasonable basis to believe the underlying facts were true." *Jerico Const, Inc*, 257 Mich App at 35-36.

We are further troubled by the fact that the trial court made no effort to make findings for this Court to review on the issue of whether defendant's motion was filed as a means to harass plaintiff. Here again, the trial court simply relied on the statements made by plaintiff in her reply, wherein plaintiff asserted that defendant's motion was "not grounded in fact and was filed to harass [p]lainitff." We cannot glean any facts within plaintiff's reply on which the trial court could rely to reach such a legal conclusion. Rather, this statement is merely a legal conclusion want of factual support. Simply stated, the trial court did not make any factual findings to support an award of attorney fees under MCL 600.2591.

Defendant further argues that the trial court abdicated its responsibility to act as an independent arbitrator by allowing the Guardian ad Litem to essentially make the award of attorney fees. While this Court will not speculate as to the influence the Guardian ad Litem has over the trial court, we can conclude that in the absence of any record evidence, the trial court clearly erred by finding that defendant's motion was not grounded in fact. The same reasoning applies to the trial court's finding that defendant brought this matter as a means to harass plaintiff. Again, this record is devoid of any factual support for the trial court's holding that defendant brought his motion as a means to harass plaintiff. Hence, the trial court erred in so holding. As a result of this clear error, the trial court abused its discretion by awarding plaintiff attorney fees.

Accordingly, we VACATE the trial court's findings at the March 21, 2018 motion, and we VACATE the trial court's April 9, 2018 order and remand this matter to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

Defendant having prevailed is entitled to costs.  MCR 7.219(A).

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Michael J. Kelly